WILLIAM BENNETT, Plaintiff-Appellant, v. EVANSTON HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—2245

Opinion filed June 20, 1989.

Armand L. Andry, of Oak Park, for appellant.

Joan E. Gale and Sarah E. Hall, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellees.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

This action was brought to recover damages allegedly incurred in connection with a claim of breach of an alleged employment contract between plaintiff and defendants. The trial court dismissed plaintiff's entire second amended complaint with prejudice under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 100, par. 2—615). Plaintiff conceded the dismissal of count I. This appeal raises the issue of whether count II states a claim for breach of an employment contract.

Plaintiff alleged in his second amended complaint that he was formerly employed by defendant hospital as a mental health specialist. The individual defendants were not named or identified. Plaintiff further alleged that he was suspended and later terminated from his employment with defendant hospital in July 1984; that in force and ef-

fect at the time of his termination was an employee handbook; that he was told he was terminated for violating the regulations on confidentiality contained in the handbook; that he did not violate these regulations; that the handbook constituted a contract between plaintiff and defendants; and that defendants breached the alleged contract by terminating him. The handbook was attached as an exhibit and incorporated into the second amended complaint.

An introduction from the hospital's president on the first page of the handbook states:

"This is your copy of the Hospital's Employee Handbook. *It is not intended to create a contract of employment.* Rather, it is simply intended to generally describe the Hospital and its present benefits, policies, and procedures." (Emphasis added.)

The handbook does not contain any provision which requires just cause as a basis for dismissal. Plaintiff merely pleads the existence of a contract as a legal conclusion without alleging any ultimate facts to support that conclusion. Plaintiff relies on the handbook to provide those facts notwithstanding the express provision disclaiming a contract.

■ Under Illinois law, an employee hired for an indefinite period of time is terminable at will, for any reason or no reason, absent a violation of clearly mandated public policy. *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354; *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.

In *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314, our supreme court recently held:

"An employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." 115 Ill. 2d at 490.

■ Defendants assert that the second amended complaint fails to allege the existence of an employment contract because: (1) the hand-

book contains no "promise clear enough that any employee would reasonably believe that an offer had been made"; and (2) the handbook contains a disclaimer which negates any possible promissory intent under *Moore v. Illinois Bell Telephone Co.* (1987), 155 Ill. App. 3d 781, 508 N.E.2d 519, *appeal denied* (1987), 116 Ill. 2d 562.

In *Moore,* plaintiff alleged breach of an employment contract with a written incentive plan as the basis. The appellate court reversed a judgment for the plaintiff finding that the incentive plan did not create any enforceable contractual rights because the first requirement for contract formation was not present; that is, the incentive plan did not contain a promise clear enough that an employee would reasonably believe that an offer had been made. (155 Ill. App. 3d at 784.) The incentive plan in *Moore* provided:

> "AT&T reserves the right to amend, change, or cancel the Incentive Plan at its discretion. It also reserves the right to reduce, modify, or withhold awards based on individual performance or management modification. The Plan is a statement of management's intent and is not a contract or assurance of compensation." (155 Ill. App. 3d at 783.)

Commenting on this provision, the court held:

> "Those three sentences, especially the last one stating '[t]he Plan is a statement of management's intent and is not a contract or assurance of compensation,' make it clear that defendant in the incentive plan was promising nothing. Therefore, it would not be reasonable for an employee to believe that defendant had made an offer in the incentive plan, and so no enforceable contractual rights were created by that plan." 155 Ill. App. 3d at 784-85.

Plaintiff seeks to avoid the effect of *Moore* by arguing that *Duldulao* did not discuss the effect of a disclaimer. We are not persuaded, because in *Duldulao* there was no disclaimer to discuss. Nevertheless, the court did mention that its determination of the existence of the elements of a contract in the handbook was due, in some part, to the fact that there were no disclaimers to negate the promises.

Plaintiff also refers to *Pine River State Bank v. Mettille* (Minn. 1983), 333 N.W.2d 622, the case upon which the *Duldulao* court relied. According to plaintiff, the handbook in *Pine River* contained a disclaimer and yet the court found a contract to exist. However, what plaintiff fails to mention is that there was no written disclaimer contained in that employee handbook. There was only testimony to the effect that the drafters of the handbook did not intend to create a

contract or extend an offer.

The question of the existence of a contract is a matter of law for determination by the court. (*Bank of Benton v. Cogdill* (1983), 118 Ill. App. 3d 280, 454 N.E.2d 1120.) In light of the foregoing, the court correctly found no contract could exist and properly dismissed the cause of action.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.