A.B. HABIGHURST, Plaintiff-Appellant, v. THE EDLONG CORPORA-
TION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—0398

Opinion filed January 28, 1991.

Lonny Ben Ogus, of Chicago, for appellant.

Hoogendoorn, Talbot, Davids, Godfrey & Milligan, of Chicago (James A. Davids and Bruce J. Van Heukelem, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, A.B. Habighurst, appeals an order of the circuit court of Cook County dismissing his claim against defendant Edlong for breach of contract.

Plaintiff was hired as an employee of defendant in 1979. In the course of his employment, plaintiff received an employee handbook. The record indicates that the handbook contains the following statements:

"This handbook does not guarantee employment security or benefits.

\* \* \*

We realize that situations arise which may compel separation of employment; and we want you to realize that the employment relationship may be terminated at-will by yourself or the Company, typically as follows \* \* \*."

The final page of the handbook, which is detachable, so that it may be signed by an employee and returned to defendant, provides:

"I have received an employee handbook and understand the personnel policies of The Edlong Corporation. I further acknowledge that this information is not to be regarded as a contract and does not guarantee specific benefits because Company policies and benefits may change."

On January 15, 1986, plaintiff read the handbook and signed the final page of the manual. Plaintiff then continued to work for defendant until he was discharged in June 1986.

On February 6, 1987, plaintiff filed a five-count complaint against defendant in the circuit court of Cook County, alleging: (I) wrongful discharge from an oral employment contract; (II) interference with contractual relations; (III) libel; (IV) slander; and (V) intentional infliction of emotional distress. The court granted defendant's motion to dismiss counts I, II and V. Plaintiff was granted leave to amend counts II and V, but moved instead for a rehearing on the motion to dismiss the wrongful discharge claim and to amend count I of his

complaint. The trial court denied plaintiff leave to file his proposed amended complaint of wrongful discharge, but allowed plaintiff to file a second amended complaint on count I.

The trial court granted defendant's motion to dismiss count I of the second amended complaint, which alleged wrongful discharge, on October 19, 1988. Counts III and IV of the complaint, which alleged libel and slander, were dismissed on January 4, 1989; plaintiff's timely appeal followed.

■ Initially, we note that plaintiff's notice of appeal purports to seek review of the dismissal of the counts alleging wrongful discharge, libel and slander. However, plaintiff did not raise any issues as to Counts III and IV in his brief, thus waiving the libel and slander claims on appeal. *E.g., Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706.

■ Thus, the sole issue on appeal is whether the trial court erred in dismissing plaintiff's claim of wrongful discharge. Plaintiff contends that he may maintain a claim of wrongful discharge because a reasonable person could believe that the employee handbook constituted a contractual offer. On appeal, this court may affirm the dismissal of the claim on any legally valid basis which appears in the record. *Natural Gas Pipeline Co. of America v. Phillips Petroleum Co.* (1987), 163 Ill. App. 3d 136, 142, 516 N.E.2d 527, 531.

■ ■ Generally, an employment relationship of indefinite duration is terminable "at will" by either party with or without cause. (*Dulduluo v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 489, 505 N.E.2d 314, 317; *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128, 421 N.E.2d 876, 878.) This rule, however, merely creates a presumption which can be overcome by demonstrating that the parties contracted to the contrary. (*Dulduluo*, 115 Ill. 2d at 489, 505 N.E.2d at 318.) In *Dulduluo*, our supreme court recognized:

> "[A]n employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present. First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work consti-

tutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." *Duldulao*, 115 Ill. 2d at 490, 505 N.E.2d at 318.

The handbook at issue in *Duldulao* contained no disclaimer; indeed, the court noted:

"[T]he handbook contains no disclaimers to negate the promises made. In fact, the introduction to the handbook states just the opposite, that the policies in the handbook 'are designed to clarify your *rights* and duties as employees.' " (Emphasis added in opinion.) (*Duldulao*, 115 Ill. 2d at 491, 505 N.E.2d at 319.)

The three-pronged test for contract formation set forth in *Duldulao* is equally applicable where disclaiming language is at issue. *Anders v. Mobil Chemical Co.* (1990), 201 Ill. App. 3d 1088, 1095, 559 N.E.2d 1119, 1122.

■ The weight of authority in this State has held the existence of disclaiming language in an employee handbook to preclude the formation of a contract. (See *Anders*, 201 Ill. App. 3d 1088, 559 N.E.2d 1119; *Hogge v. Champion Laboratories, Inc.* (1989), 190 Ill. App. 3d 620, 546 N.E.2d 1025; *Bennett v. Evanston Hospital* (1989), 184 Ill. App. 3d 1030, 540 N.E.2d 979; *Moore v. Illinois Bell Telephone Co.* (1987), 155 Ill. App. 3d 781, 508 N.E.2d 519, *appeal denied* (1987), 116 Ill. 2d 562, 515 N.E.2d 112.) For example, in *Anders*, this court refused to hold the employee manual to be a contract where a disclaimer appeared in the front of the manual, even though the manual provided for general disciplinary procedures and listed specific acts of punishable misconduct. See *Anders*, 201 Ill. App. 3d at 1091, 559 N.E.2d at 1123.

The record in this case indicates that the handbook at issue contained a number of statements which appear to negate any offer of employment other than the traditional employment "at will." Thus, it would appear that plaintiff has failed to show that the trial court erred in dismissing his claim, based on the facts and circumstances of this case.

Occasionally, courts applying Illinois law have concluded that a handbook may become a contract despite the presence of disclaimers. (*E.g.*, *Perman v. ArcVentures, Inc.* (1990), 196 Ill. App. 3d 758, 554 N.E.2d 982; *Seehawer v. Magnecraft Electric Co.* (N.D. Ill. 1989), 714 F. Supp. 910.) These cases are distinguishable from the instant appeal.

For example, in *Perman*, this court denied summary judgment on the issue of whether a disclaimer precluded a reasonable person from believing the policy manual to be an offer. The disclaimer in that case, however, was "not set off from the rest of the text, printed in capital

letters or titled." (*Perman*, 196 Ill. App. 3d at 764, 554 N.E.2d at 987.) Moreover, the manual in *Perman* provided that " 'discharges *must* be approved in advance by the director of employee relations or designees, and *are subject to employee appeal through established grievance procedures*.' (Emphasis added.)" and that it was the " 'policy of the Medical Center to *assure* every employee the right of appeal, through an established grievance procedure from an unfavorable decision affecting his employment.' (Emphasis added.)" *Perman*, 196 Ill. App. 3d at 765, 554 N.E.2d at 985.

In the instant appeal, by contrast, the record shows that one of the disclaimers appeared on the final page of the handbook, which was signed, detached and understood by plaintiff. Furthermore, plaintiff has failed to point to statements in his handbook which may constitute clear promises analogous to those in the *Perman* manual. The record indicates, and plaintiff notes, that the handbook here contemplated that separation of employment might take place by resignation, retirement, mutual agreement or dismissal; company rules which might form the basis of employee discipline were enumerated. However, similar statements and rules did not constitute the sort of clear promise necessary to survive a motion to dismiss in *Harrell v. Montgomery Ward & Co.* (1989), 189 Ill. App. 3d 516, 518, 545 N.E.2d 373, 377. Plaintiff also notes that the handbook at issue here refers to "progressive disciplinary action." Yet the record fails to indicate any provision in the handbook for specific disciplinary procedures of the type which has been required for establishing a clear promise in prior cases. See *Tolbert v. Saint Francis Extended Care Center* (1989), 189 Ill. App. 3d 503, 506-07, 545 N.E.2d 384, 386 (discussing *Doe v. First National Bank* (7th Cir. 1989), 865 F.2d 864).

In *Seehawer*, plaintiff was given an employee manual which provided, in relevant part, that "[e]mployees shall be discharged or disciplined only for just cause." (*Seehawer*, 714 F. Supp. at 912.) Shortly after defendants issued the manual, plaintiff signed an employee statement, which provided that "my employment and compensation can be terminated, with or without cause and notice, at any time, at the option of the Company or myself" and further provided that the president and vice-president of the defendant company had the sole authority to enter any agreement to the contrary. *Seehawer*, 714 F. Supp. at 912.

Defendants fired plaintiff, who then brought an action which included a breach of contract claim. The trial court denied defendants' motion for summary judgment on the contract claim, reasoning that the seemingly inconsistent language in the manual and the disclaimer

in the employee statement precluded summary judgment for two reasons. First, the court noted that the issuance of the manual could be viewed as an exercise of the president's or vice-president's authority to bind the company to more than "at will" employment. (*Seehawer*, 714 F. Supp. at 914-15.) The court also stated that "to the extent that the provisions are irreconcilable on their face, the clarification of ambiguities in contractual provisions is a matter best left to the trier of fact." *Seehawer*, 714 F. Supp. at 915.

Although factually similar in some respects, *Seehawer* is distinguishable from the instant appeal. Plaintiff has not pointed to any language in his handbook giving any official of defendant the ability to make agreements contrary to an "at will" policy. Without such language, the *Seehawer* court's rule is inapposite, because it concerns the interpretation of a contract as a question of fact. By contrast, the existence of a contract is a question of law for determination by the court. *Bank of Benton v. Cogdill* (1983), 118 Ill. App. 3d 280, 454 N.E.2d 1120.

Finally, plaintiff cites *Mitchell v. Jewel Food Stores* (1989), 189 Ill. App. 3d 450, 545 N.E.2d 337, *rev'd* (1990), 142 Ill. 2d 152. *Mitchell*, however, did not involve the use of disclaiming language in an employee manual. Moreover, the opinion in *Mitchell* quotes language from the manual indicating that the employee could not be fired without just cause (*Mitchell*, 142 Ill. 2d at 156-57); plaintiff has not pointed to such a promise in the manual at issue in this case.

■ Consequently, plaintiff has failed to demonstrate that the language of his employee handbook contained a promise clear enough that a reasonable person would consider the handbook to constitute a binding contract. Plaintiff has therefore failed to show that the trial court erred in dismissing his claim of wrongful discharge. For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.