THIRD DIVISION

 February 17, 1999

Nos. 1--97--1245, 1--97--3971

(Consolidated)

DENNIS HINKLE and PAULETTE HINKLE, ) Appeal from the 

) Circuit Court of

Plaintiffs-Appellees, ) Cook County.

) 

v. ) 

) 

NICOLE WOMACK, ) 

)

Defendant-Appellant, )

)

and )

) 

VERDA JOHNSON, a/k/a VERBA JOHNSON, ) Honorable 

) Patrick S. Grossi,

Defendant-Appellee. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Defendant Nicole Womack (defendant or Womack) appeals from orders of the circuit court barring her from rejecting an arbitration award entered against her and in favor of plaintiffs Dennis and Paulette Hinkle, denying her motion to reconsider, and denying her motion to vacate the judgment entered on the arbitration award.  On appeal, defendant contends that: (1) the trial court erred in barring her from rejecting the arbitration award as a sanction for failing to appear in person at the arbitration hearing; (2) plaintiffs were not prejudiced by her absence from the arbitration hearing; (3) the arbitration award was excessive; and (4) the arbitration award did not provide a fair resolution to the dispute and was against the manifest weight of the evidence.  For the reasons set forth below, we affirm.

On May 31, 1992, defendant and plaintiff Dennis Hinkle (Dennis) were involved in an automobile accident when defendant's vehicle struck Dennis'.  The vehicle defendant was driving was owned by defendant Johnson.
(footnote: 1)  At the time, Dennis, a police officer for the City of Harvey, Illinois, was on duty in a marked squad car.  

On May 26, 1994, Dennis and his wife, Paulette, filed a complaint against defendant, as the driver of the vehicle, and Johnson, as the owner of the vehicle, seeking damages for the injuries sustained by Dennis and loss of consortium suffered by Paulette.  Defendants were served with the complaint and, on December 12, 1994, both defendants' retained counsel filed appearances.  The case was assigned to mandatory arbitration and, on October 15, 1996, plaintiffs served Rule 237 notices to produce upon defendants, requiring defendants to appear at the arbitration.  At the arbitration hearing on October 30, 1996, defendants' attorney was present, but neither defendant appeared in person.  For the purposes of the hearing, defendants' counsel admitted liability.  A transcript of the arbitration hearing does not appear in the record, but plaintiffs' documentary evidence, including proof of the damage to Dennis' vehicle and his medical and work records, do appear.  The evidence produced at the arbitration established that the damage claim to Dennis' vehicle was settled for $931; Dennis' medical bills totalled $205; and the Harvey Police Pension Board awarded Dennis a line of duty disability payments totalling 65% of his salary due to his injury.  Dennis' medical records indicate that he had previously injured his back in 1982, 1987, and 1989; several of Dennis' doctors diagnosed his injury as chronic low back pain; Dennis had back surgery in 1989, but his pain persisted; none of the doctors specifically indicated that the accident was the cause of Dennis' back pain or that the accident aggravated the pain; and the doctors agreed that the extent of Dennis' injury would keep him from performing his duties as a street officer.

The arbitrators entered an award in favor of Dennis against defendant in the amount of $30,000 and in favor of Paulette against defendant for $5,000.  The arbitrators found against plaintiffs and in favor of Johnson on plaintiffs' claims against Johnson.  On November 14, 1996, both defendants filed a notice of rejection of the arbitration award.

After defendants rejected the award, plaintiffs filed a petition to disallow defendants' rejection as a sanction for defendants' failure to appear at the arbitration.  Defendants filed a response, arguing that (1) plaintiffs suffered no prejudice as a result of defendants' absence; (2) the award was so excessive as to be unfair; and (3) debarring defendants from rejecting the award would violate (i) their Illinois constitutional right to a trial by jury and (ii) debarment violates the enabling statute (735 ILCS 5/2--1004A (West 1994)), which permits trial courts to send cases to arbitration, because that statute does not provide for debarring a party from rejecting the award.  On January 10, 1997, the trial court granted plaintiffs' motion, debarred defendants from rejecting the award, and entered judgment against defendant in accordance with the arbitration award.  However, the January 10, 1997, order did not dispose of the claim against Johnson.  On January 31, defendant filed a motion to reconsider the January 10 order, which the trial court denied on March 11. On April 1, defendant filed a notice of appeal from the January 10 and March 11 orders in this court (No. 1--97--1245).

On June 18, 1997, defendants filed an emergency motion to vacate the January 10, 1997, order and enter a corrected judgment.  The trial court, on June 19, entered judgment on the arbitration award in favor of Johnson.  On June 23, both defendants filed a motion to vacate the June 19 order pursuant to section 2--1301 of the Code of Civil Procedure (735 ILCS 5/2--1301 (West 1994)).  In ruling on the motion on October 16, the trial court stated:

"On June 23, 1997 *** [defendant] filed her motion to vacate Judgment pursuant to 735 ILCS 5/2--1301 to vacate the judgment on award of June 19, 1997.  *** [T]his is in error as the content of the motion and the exhibits refer to the judgment entered on January 10, 1997 and the court will treat the motion as relating to the judgment of January 10, 1997.

Since more than 30 days had passed (the award was final as to Nicole Womack on January 10, 1997) when the defendant filed its' motion to vacate the judgment, the proper motion should be a 735 ILCS 5/2--1401 motion.  The court may, in its discretion, vacate judgments under either section of the Code of Civil Procedure.  The court chooses to proceed as if the correct motion was filed since under Supreme Court Rule 91(a) the defendant could proceed under either section."

The trial court denied defendant's motion, finding that it did not "have the authority to overturn the arbitration award on the basis the award is excessive, or unreasonable, or arbitrary."  The trial court noted that defendant failed to "present any affidavits or any reasons why she was not present at the [arbitration] hearing."  Defendant then filed another notice of appeal on October 24, 1997 (No. 1--97--3971).  Both of defendant's appeals were subsequently consolidated.

We initially note that during oral argument before this court, defendant attempted to raise the argument for the first time that the trial court's belief that it lacked the authority to overturn the arbitrators' decision was error, and that the trial court applied the wrong standard of review in reviewing the arbitrators' award when it debarred her from rejecting the award.  Defendant's counsel contended, at oral argument, that the trial court should have viewed the case as a whole, including considering the amount of the award, when it debarred defendant from rejecting the award.  While counsel also contended at oral argument that this argument was made "indirectly" in defendant's briefs before this court, clearly this specific argument does not so appear, and was not specifically argued until oral argument.  Consequently, defendant has waived the argument.
  See 
A.B. Habighurst v. Edlong Corporation
, 209 Ill. App. 3d 426, 428, 568 N.E.2d 226 (1991) (holding issues not raised in a party's appellate brief are waived).

Defendant also argues that the trial court abused its discretion in barring her from rejecting the award under Supreme Court Rules 90(g) and 237, and that she "should have been allowed to *** proceed to trial on the merits, subject to an alternative sanction for her absence from the arbitration [hearing]."  Plaintiffs argue that the trial court's debarment order was well within its discretion and defendant's failure to appear personally waived her right to reject the award.   

The decision whether to bar a party from rejecting an arbitration award rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 652 N.E.2d 1286 (1995).  Debarment, however, may not be an appropriate sanction in every case.  See
 
Fiala v. Schulenberg
, 256 Ill. App. 3d 922, 628 N.E.2d 660 (1993).  It is also well settled that "the [mandatory arbitration] system is not to be used as a supplement to trial.  Nor is the mandatory arbitration system to be used to decide certain issues piecemeal, while allowing the parties to go to trial on other issues.  Rather, the system is an alternative to trial where all issues raised by the parties are decided by the arbitration panel."  
Kolar v. Arlington Toyota
, 286 Ill. App. 3d 43, 46, 675 N.E.2d 963 (1996), 
aff'd
, 179 Ill. 2d 271, 279, 688 N.E.2d 653 (1997).

Supreme Court Rule 90(g) provides that the "provisions of Rule 237 *** shall be equally applicable to arbitration hearings as they are to trials."  166 Ill. 2d R. 90(g).  Supreme Court Rule 237 provides for compelling the appearance of parties at trial, and states that when "a [party] fail[s] to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate."  166 Ill. 2d R. 237.  Supreme Court Rule 219 provides for the debarment of the offending party from "filing any other pleading relating to any issue to which the refusal or failure relates" (166 Ill. 2d R. 219(c)(ii)), and "maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue" (166 Ill. 2d R. 219(c)(iii)).

While a party who appears through counsel, but not in person, at an arbitration hearing does not
 waive the right to reject the award (see 
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 882-83, 649 N.E.2d 94 (1995); 
Williams
 
v. Dorsey
, 273 Ill. App. 3d 893, 900-01, 652 N.E.2d 1286 (1995)), the trial court is nonetheless still free to issue sanctions, including debarment, for failing to appear in person pursuant to a Rule 237 notice to produce as long as the sanction is not an abuse of discretion.  
Williams
, 273 Ill. App. 3d at 901.  An abuse of discretion "occurs when the court rules arbitrarily or when its ruling 'exceed[s] the bounds of reason.' "
  
Williams
, 273 Ill. App. 3d at 901.

In 
Martinez
, the trial court debarred the defendant from rejecting an award after she failed to appear at the arbitration hearing.  The evidence disclosed that the defendant's attorney appeared, and although the defendant disputed liability, the defendant failed to present any evidence, simply cross-examined the plaintiff's witnesses, and made legal arguments.  The 
Martinez
 court, in affirming the trial court, stated:

"Even if [the] defendant's excuse for failing to attend the hearing is valid, the trial court's ruling [debarring the defendant from rejecting the award] is not against the manifest weight of the evidence.  What is most important is that [the] defendant failed to present any evidence to rebut [the] plaintiff's case in chief.  It is highly unlikely that [the] defendant would have proceeded in this manner if the cause had gone to trial.  The purpose of the amendments to Rules 91 and 93 was to emphasize that '[a]rbitration must not be perceived as just another hurdle to be crossed in getting the case to trial.'  [Citation.]  Where, as here, a defendant fails to subject the plaintiff's case to the type of adversarial testing that would be expected at a trial, the mandatory arbitration process loses its value entirely."  
Martinez
, 271 Ill. App. 3d at 883-84.

In 
Williams
, the trial court debarred the defendants from rejecting the arbitration award against them.  The 
Williams
 court held that such debarment was not an abuse of discretion because "[the] [d]efendants present[ed] no excuse for their attorney's failure to request a continuance or to seek a waiver of their appearance at the arbitration proceeding" and, although the defendants argued that their absence did not prejudice the plaintiffs, the 
Williams
 court concluded that the significance of the defendants' testimony was impossible for it to gauge, "particularly in the absence of deposition or trial proceeding transcripts."  
Williams
, 273 Ill. App. 3d at 901.

We find the rationale of 
Martinez
, particularly its statement that when "a defendant fails to subject the plaintiff's case to the type of adversarial testing that would be expected at a trial, the mandatory arbitration process loses its value entirely"  (
Martinez
, 271 Ill. App. 3d at 884), is applicable here, and the fact that defendant was not found to have participated in the arbitration hearing in bad faith does not detract from defendant's failure to participate as an adverse party.  The evidence disclosed that Womack failed to appear at the arbitration and her attorney not only failed to present evidence to rebut plaintiffs' case in chief, but also admitted negligence.  Defendant did not test plaintiff's case at all.  We do not believe that such a strategy would have been employed had the matter been before a jury.  Indeed, while Womack's counsel maintained during oral argument before this court that defendant's case would not have been tried differently before a jury than it was done at the arbitration hearing and that the arguments would have been "essentially the same," and thus the arbitration would not have been considered as "just another hurdle to be crossed in getting the case to trial," we believe counsel's further remarks belie this assertion.  More specifically, during oral argument, this court asked counsel why we should not perceive defendant's failure to appear in person and present any evidence to rebut plaintiffs' case in chief, as well as defendant's concession of negligence, as conduct reflecting defendant's perception that arbitration is just another hurdle in getting the case to trial.  Counsel replied, regarding the arbitration hearing, "There's still an argument for proximate cause and injury."  This court then replied, "But you presented no evidence."  Counsel responded, "Cross-examination and arguments, yes.  Did I have an expert?  No, I don't have an expert."  Counsel further stated, in response to the question regarding defendant's failure to offer any evidence, that plaintiff had the burden of proof to prove that he was injured; "admitting negligence does not mean we admit that we cause an injury"; and plaintiff was not prejudiced by defendant's failure to appear.  The following colloquy then occurred:

"THE COURT: Wouldn't it be helpful if defendant had appeared to discuss the speed [of the car]?

DEFENDANT'S COUNSEL: It would have been helpful to us, although we did have the picture.  However, plaintiff says in his briefs that he needed my client to prove what the speed of the vehicle was, but he has his own client there.  And once again, how is the defendant [
sic
] prejudiced?  Why should the defendant then be debarred from a jury trial?  At least a jury trial on damages of some sort, so that you can have more of a trustworthy type of verdict as opposed to having three other lawyers deciding what the award's going to be."

Counsel also argued that there is a difference in how a case is presented in a bench trial and before a jury, stating "you may not even put in the same kind of evidence, but the arguments are essentially the same."  Counsel further stated:

"[T]his is a low-impact case, there is little or no damage to their car, there is no report, there is no document [doctor?] indicating that anything from this accident that this man was injured, and that this man had all these problems before he did before the accident.  This man was not injured in this accident.  That's the essential argument.  That would be the argument at the arbitration level, and that would be the argument in front of a jury trial.  But it plays a lot better in front of a jury than it does in front of an arbitrator.  But there is no other way to defend these cases in my opinion.  This is the best way to do it."

We first observe the obvious--while it is true that a plaintiff has the burden of proof to prove he was injured, a defendant does not participate as an adversary challenging a plaintiff's case for purposes of the arbitration process by presenting no evidence.  Making "arguments" is not the same as presenting evidence; a defendant who presents no evidence limits the defendant's possible arguments to the evidence presented by the plaintiff and the plaintiff's testimony on cross-examination.  In other words, a defendant's arguments can only call into question the sufficiency of a plaintiff's evidence; it cannot establish any arguable concrete rebuttal evidence to the plaintiff's case.

We also conclude from defendant's counsel's argument before this court, even assuming his remark to be merely an observation that defendant's "essential argument *** plays a lot better in front of a jury," that defendant elected not to appear personally or to present any evidence and, therefore, took the risk of her argument, in her absence and without presenting evidence, not playing as well in front of the arbitrators.  Having chosen this risk, we fail to understand how defendant can now complain that plaintiffs' evidence did not support the amount of the awards; had defendant appeared and presented evidence, the award would not have been based solely on the evidence presented by plaintiffs, but on defendant's evidence as well, and therefore defendant's evidence might have caused the arbitrators to make a different award to plaintiffs.  However, defendant presented no evidence.  Further, as discussed above, we believe that merely cross-examining witnesses and making arguments to rebut a plaintiff's case in chief is not the type of adversarial testing of a plaintiff's case that would be expected at trial.  
Martinez
, 271 Ill. App. 3d at 883-84.  

We also find defendant's counsel's argument, that since plaintiffs allegedly were not prejudiced by defendant's failure to appear in person, "at least a jury trial on damages" should have been granted "so you can have a more trustworthy type of verdict instead of having three other lawyers deciding what the award is going to be," indicative of attempting to get over the hurdle of arbitration in order to apparently get to a preferred jury trial on the issue of damages; in effect, resulting in piecemeal litigation, which is also an unacceptable use of the arbitration process.  We lastly observe that for whatever reason defendant did not appear in person, her counsel could have requested a continuance, but did not and, as plaintiffs point out, never offered any excuse why defendant did not appear pursuant to the Rule 237 notice.  We therefore conclude that defendant's and/or her counsel's actions in this case reflect the unacceptable perception, and use, of arbitration as "just another hurdle to be crossed in getting the case to trial."  
Martinez
, 271 Ill. App. 3d at 883.  Accordingly, we hold that the trial court's imposition of the sanction of debarment was not an abuse of discretion.

We also reject defendant's argument that plaintiffs were not prejudiced by her absence at the hearing because she admitted negligence and had no direct evidence to provide herself as to plaintiffs' damages.  Plaintiffs argue that they were prejudiced because defendant could have provided evidence as to the rate of speed of the vehicles, the collision, and damage to the vehicle.  We briefly note that a transcript of the arbitration does not appear in the record and, as such, there is no way for this court to know exactly what was testified to at the hearing, other than the documentary evidence received concerning Dennis' injuries and damage to his vehicle.  We have no way to determine whether defendant's testimony would not have been significant.  We do not know if defendant, at the arbitration, disputed the damages as they related to the actual physical damage to Dennis' vehicle.  Consequently, the significance of what defendant's testimony would be is impossible for us to gauge, particularly in the absence of a transcript of the arbitration hearing (
Williams
, 273 Ill. App. 3d at 901) and, consequently, we find defendant's argument unpersuasive.

Defendant next argues that the trial court abused its discretion in not "reversing"
(footnote: 2) the arbitration award as excessive.  Plaintiffs argue the trial court's order was well within its discretion.    We first observe that defendant has failed to cite to authority in support of her argument that the trial court has the authority to overturn an arbitration award as excessive, what factors a reviewing court must look to determine the appropriateness of an arbitration award, or under what circumstances a reviewing court will overturn an arbitration award.  The cases relied upon by defendant only discuss excessive verdicts after a jury trial; not arbitration awards.  See 
Ruffiner v. Material Service Corp.
, 134 Ill. App. 3d 747, 480 N.E.2d 1157 (1985), 
rev'd on other grounds
, 116 Ill. 2d 53, 506 N.E.2d 581; see also 
Carter v. Kirk
, 256 Ill. App. 3d 938, 628 N.E.2d 318 (1993); 
Collins v. Straka
, 164 Ill. App. 3d 355, 517 N.E.2d 1147 (1987); 
Hollis v. R. Latoria Construction
, 108 Ill. 2d 401, 485 N.E.2d 4 (1985)).

Moreover, it is well settled that "[r]ejection of the [arbitration] award is the sole intended remedy from an award."  
Cruz v. Northwestern Chrysler Plymouth Sales
, 285 Ill. App. 3d 814, 818, 674 N.E.2d 871 (1996), 
aff'd
, 179 Ill. 2d 271, 688 N.E.2d 653 (1997), quoting J. Lerner, 
Mandatory Arbitration: Welcome to Illinois
, 76 Ill. B.J. 418, 426 (1988).  Supreme Court Rule 90(a) "expressly grants to the arbitration panel the power to decide the law and the facts of the case."  
Kolar, 
286 Ill. App. 3d at 47.  As our supreme court stated in 
Cruz
, "[o]nce the arbitration panel has made its award, the parties must accept or reject the award in its entirety.  If none of the parties file a notice of rejection of the award *** the circuit court has no real function beyond entering judgment on the award.  [Citation.]  Although the court can correct an 'obvious and unambiguous error in mathematics or language' (155 Ill. 2d R. 92(d)), it cannot modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators."  
Cruz v. Northwestern Chrysler Plymouth Sales
, 179 Ill. 2d 271, 279, 688 N.E.2d 653 (1997).

In the present case, even though defendant filed a rejection of the award, as we stated above, the trial court acted within its discretion in debarring defendant from rejecting the award, which left the trial court with "no real function beyond entering judgment on the award."  Accordingly we find that, contrary to defendant's position that the trial court may overturn or "reverse" the arbitrators' award as excessive, the trial court may only correct an "unambiguous error."  See 
Cruz
, 179 Ill. 2d at 279.  Defendant has never claimed that there was any "unambiguous error" which required correction.  Even if defendant had made such a claim, the evidence in the record would not support such an argument.  Therefore, we find that the trial court did not err in refusing to overturn the arbitration award as excessive.

We also reject defendant's further arguments that the award was excessive because it bore no relationship to any loss suffered by plaintiffs, did not provide a fair resolution to the dispute, and was against the manifest weight of the evidence.  Defendant relies on the same cases as she did for her previous argument with respect to a trial court's authority to overturn an excessive jury verdict.  However, as discussed above, such a comparison of excessive jury verdicts and arbitration awards is inappropriate and rejection of the award is defendant's only remedy.  See 
Cruz
, 179 Ill. 2d at 279.

We also find that while defendant argues the award was excessive and bore no relationship to any of plaintiffs' injuries because the total monetary damages as a result of the accident were $1,136, and the arbitrators awarded Dennis $30,000 and Paulette $5,000, defendant fails to take into account the fact that, as plaintiffs note in their brief, the Harvey Police Pension Board awarded Dennis disability payments that reduced his former salary by 35% after the accident.  While it is undisputed that Dennis had back problems and complained of back pain in the past, it is also undisputed that before the accident Dennis was capable of fully performing his duties as a street officer for the Harvey police department.  There was also evidence presented, mainly through evidence that Dennis was found to be disabled, that Dennis' disability was a result of the accident.  The arbitration panel had this evidence before it when it made its awards to plaintiffs.  Defendant provides no authority to dispute that the difference between Dennis' disability payments and his former salary is a valid measure of damages or that Dennis' disability is a valid consideration in determining Paulette's loss of consortium award.  Further, while defendant challenges the entire award to plaintiffs, which includes the $5,000 award to Paulette, defendant provides no argument or citation to authority demonstrating that Paulette's loss of consortium award was error.  As a result, defendant has waived consideration of Paulette's award.  See 
A.B. Habighurst
, 209 Ill. App. 3d 428.  We therefore conclude, in the absence of evidence appearing in the record or legal authority to the contrary, the evidence before the arbitration panel supports its award, the award was not against the manifest weight of the evidence and provided a fair resolution to the dispute and the trial court did not abuse its discretion in not overturning the award.

We briefly note that defendant's reliance on 
Fiala
 is misplaced because the present case is distinguishable from 
Fiala
.  In 
Fiala
, which defendant relies upon for the proposition that the equitable powers of the court prevent enforcement of unjust, unfair and unconscionable judgments in support of her argument that the award should be "reversed" as excessive, the plaintiffs, potential buyers of real estate, sued the seller of the real estate and the two real estate brokers for the return of their earnest money.  After the plaintiffs settled their claim with two of the defendants for the total escrow amount in dispute, the remaining defendant broker failed to appear at an arbitration hearing.  The arbitrators found in the plaintiff's favor and awarded the plaintiff an additional $9,500 in excess of the escrow amount paid by the two settling defendants.  The trial court refused to allow the defendant to reject the award, entered judgment on the award, and denied the defendant's petition to vacate the judgment under section 2--1401 of the Code of Civil Procedure.  The 
Fiala
 court held that the defendant had shown "extenuating circumstances" to explain why it failed to appear at the hearing, 
i.e.,
 that between 1987 through 1991, the plaintiffs did not pursue recovery from the defendant, but instead from the other defendants who subsequently settled the claim.  The 
Fiala
 court concluded that the denial of the defendant's section 2--1401 petition was an abuse of discretion because the plaintiffs had already received the full amount of damages they sought through the return of the earnest money by the other defendants, and the judgment against the defendant was therefore "entered under circumstances which *** [were] unfair, unjust and unconscionable."  
Fiala
, 256 Ill. App. 3d at 931.

In the present case, unlike 
Fiala
, defendant failed to provide any excuse for her failure to appear at the arbitration hearing, plaintiffs were not otherwise compensated for their injuries, and plaintiffs did not receive an award in excess of the amount they claimed in their complaint.  Moreover, unlike 
Fiala
, there was a basis for the arbitrator's award here; the arbitrators had evidence before it proving negligence, proximate cause and damages.

Defendant next argues that the trial court erred in failing to order a trial on the issue of damages only, allegedly because the award was excessive.  Defendant has failed to cite to applicable authority to support her proposition that the trial court has the authority to order a trial only as to damages after an arbitration award has been entered.  Moreover, as discussed above, it is well settled that mandatory arbitration "is not to be used as a supplement to trial *** [or to] decide certain issues piecemeal, while allowing the parties to go to trial on other issues.  Rather, the system is an alternative to trial where all issues raised by the parties are decided by the arbitration panel."  
Kolar
, 286 Ill. App. 3d at 46.  The arbitration panel, and not the trial court, " 'shall dispose of all claims for relief.' " 
Cruz
, 179 Ill. 2d at 279
 (quoting 155 Ill. 2d R. 92(b)).  Allowing a party to relitigate a portion of the arbitration award would, as our supreme court emphasized in 
Cruz
 with respect to the trial court's award of attorney fees after an arbitration, "[accomplish] nothing but to protract the litigation and to make it more costly, complicated, and time consuming for the litigants, the very evils mandatory arbitration was designed to combat."  
Cruz
, 179 Ill. 2d at 280.  Moreover, ordering a trial on damages here would also have the effect of modifying the "substantive provisions of the award," 
a result that is not permitted.  See 
Cruz
, 179 Ill. 2d at 279.  Additionally, as discussed above, defendant's sole remedy from the award was to reject the award in its entirety.  See 
Cruz
, 179 Ill. 2d at 279.  Consequently we find that the trial court did not err in refusing to hold a trial on the issue of damages.

Defendant lastly argues that since she has little or no insurance coverage to satisfy the judgment, the trial court abused its discretion in barring her from rejecting the award.  Defendant fails to cite authority, and our research reveals none, in support of her argument that the trial court's order debarring her from rejecting the award because she has little or no insurance coverage was an abuse of discretion.  Additionally, defendant admitted at oral argument before this court that such an argument and proof of a lack of insurance would normally not be admissible in a trial.  Accordingly, we summarily reject this argument.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL, P.J., and CERDA, J., concur.

FOOTNOTES
1:     
Defendant Verda Johnson is listed as an appellant in the notice of appeal Womack filed on April 1, 1997 (No. 1--97--1245) and as an appellee in the notice of appeal Womack filed on October 24, 1997 (No. 1--97--3971).  We note that no brief has been filed on Johnson's behalf, and that neither Womack nor plaintiffs raise any issues relating to Johnson.

2:     
While defendant uses the word reverse and other forms of it, we assume defendant properly means "vacate" as she argued in her motion to vacate the trial court's judgment on the arbitration award pursuant to section 2--1301 of the Code of Civil Procedure (735 ILCS 5/2--1301 (West 1994)), which the trial court ruled was properly considered as a petition pursuant to section 2--1401 and subsequently denied, finding that it did not have the authority to overturn an arbitration decision and that defendant had not demonstrated an excuse for her absence.