JOAN EICHLER, Plaintiff-Appellant, v. RECORD COPY SERVICES *et al.*,
Defendants-Appellees.

First District (6th Division)    No. 1—00—1228

Opinion filed December 29, 2000.

Donald S. Nathan, P.C., of Chicago (Nima Taradji, of counsel), for appellant.

Tomassi Radogno Cameli & Hoag, P.C., of Chicago (Nunzio C. Radogno

and Craig A. Tomassi, of counsel), for appellees Allstate Insurance Company, Clifford P. Mallon, and Denise J. Adams.

Swanson Martin & Bell, of Chicago (Patricia S. Kocour, of counsel), for appellee Susan Nowak.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Joan Eichler, appeals from an order of the circuit court debarring her from rejecting an arbitration award and from a judgment of the circuit court on that arbitration award. On appeal, plaintiff contends the circuit court erred in: (1) debarring plaintiff from rejecting the arbitration award based on the panel's finding that the plaintiff failed to participate in good faith and in a meaningful manner as required by Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)); and (2) entering judgment on the arbitration award. We affirm.

Plaintiff filed a complaint against defendants in May 1995. After amended complaints and court orders compelling plaintiff to provide discovery, the case was assigned to mandatory arbitration in February 1999.

In August 1999, the circuit court ordered plaintiff to comply with all written discovery requests by August 25, 1999, and stated "failure to comply with this order *will* result in the plaintiff being barred from testifying *and* presenting any evidence at the arbitration and/or trial of this matter." (Emphasis added.)

Plaintiff neither complied with the court order nor sought a modification of the order.

At the arbitration hearing in November 1999, plaintiff appeared with counsel but did not testify; the arbitrators entered an award in favor of all defendants and against plaintiff.

Three months later, the circuit court, after hearing argument, debarred plaintiff from rejecting the arbitration award and entered judgment for all defendants. Plaintiff appeals.

Plaintiff contends the circuit court erred in debarring her from rejecting the arbitration award based on the panel's finding that she failed to participate in good faith and in a meaningful manner as required by Supreme Court Rule 91(b). First, we consider whether the circuit court's finding that plaintiff failed to participate in good faith and in a meaningful manner was against the manifest weight of the evidence. *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 883, 649 N.E.2d 94, 98 (1995).

■ Supreme Court Rule 91(b) requires good-faith participation at mandatory arbitration hearings. That rule provides in part:

"(b) Good-Faith Participation. All parties to the arbitration hear-

ing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." 145 Ill. 2d R. 91(b).

Supreme Court Rule 91(b) provides that the finding of an arbitration panel that a party did not participate in good faith is *prima facie* evidence of that fact. 145 Ill. 2d R. 91(b). The party subject to sanctions of Rule 91(b) has the burden of presenting evidence sufficient to rebut the *prima facie* evidence. *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 189, 698 N.E.2d 189, 191 (1998); *Martinez*, 271 Ill. App. 3d at 883.

■ Here, it is uncontroverted that plaintiff and counsel appeared at the arbitration and that plaintiff did not testify. However, plaintiff contends she was "unable" to participate in good faith because the prior court order did not permit her to participate. Plaintiff made no attempts in a three-month time to comply with, vacate or modify the August 25, 1999, court order even though she knew of its consequences upon her in the arbitration hearing. Plaintiff's ability to testify at the arbitration or trial was in her hands by either complying with or modifying the court order. She did neither. Plaintiff's failure to even attempt to comply with the court's discovery order of August 25, 1999, or to vacate or modify the sanctions portion of that order prior to the November 1999 arbitration hearing indicates that plaintiff never intended to participate in the arbitration in good faith. Thus, plaintiff has not presented evidence sufficient to rebut the finding that she did not participate in good faith.

· ■ Second, we consider whether debarring plaintiff from rejecting the award was an abuse of discretion. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 81, 733 N.E.2d 694, 697 (2000); *Williams v. Dorsey*, 273 Ill. App. 3d 893, 901, 652 N.E.2d 1286 (1995). Such a finding will be deemed an abuse of discretion if it is arbitrary or its ruling exceeds the bounds of reason. *Schmidt v. Joseph*, 315 Ill. App. 3d at 81, 733 N.E.2d at 697; *Williams v. Dorsey*, 273 Ill. App. 3d at 901, 652 N.E.2d at 1292.

■ The burden is on the offending party to show that its

noncompliance was reasonable or the result of extenuating circumstances. *Schmidt v. Joseph,* 315 Ill. App. 3d at 81, 733 N.E.2d at 697; *Kubian v. Labinsky,* 178 Ill. App. 3d 191, 197, 533 N.E.2d 22, 26 (1988), citing *Cedric Spring & Associates, Inc. v. N.E.I. Corp.,* 81 Ill. App. 3d 1031, 402 N.E.2d 352 (1980).

The burden is on plaintiff to show that her noncompliance was reasonable or the result of extenuating circumstances. Again, plaintiff relies upon the court order of August 25, 1999, as reason or excuse for her nonparticipation in the arbitration, but to no avail. Plaintiff made no attempt to comply with, vacate or modify that order and, thus, has not sustained her burden of showing that her noncompliance was reasonable or the result of extenuating circumstances.

Accordingly, plaintiff's contention of error is without merit and the judgment of the circuit court is affirmed.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.