TAMMIE L. GLOVER, Plaintiff-Appellee, v. MARIA BARBOSA, Defendant-Appellant.

First District (2nd Division)    No. 1—02—0394

Opinion filed November 12, 2003.

Parrillo, Weiss & O'Halloran, of Chicago (Judith Lysaught, of counsel), for appellant.

Donovan Scehner, of Copeland, Finn & Fieri, Ltd., of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

We review the scope of a trial court's power to impose a debarment sanction under Supreme Court Rule 219(c) (166 Ill. 2d R 219(c)). In this postarbitration hearing the trial court made a bad-faith finding under Rule 91(b) (145 Ill. 2d R. 91(b)). The arbitrators had not made a bad-faith finding. Earlier the defendant had been barred from offering

evidence as a sanction for failure to comply with discovery orders. We conclude that a trial court may debar a party from rejecting an arbitration award based on a bad-faith finding under Rule 91(b) (145 Ill. 2d R. 91(b)) under these circumstances, despite the absence of a bad-faith finding by the arbitration panel.

Plaintiff filed a complaint on August 24, 2000, to recover for injuries suffered in a November 13, 1999, traffic accident. Defendant answered the complaint on November 21, 2000. Defendant later failed to comply with written discovery. Plaintiff filed a motion to compel on March 2, 2001. An agreed order entered on March 16, 2001, required defendant to answer all written discovery by March 30 and appear for a deposition on April 6, 2001. The order also provided that defendant would be barred from testifying and presenting evidence at arbitration and/or trial if she failed to comply.

Defendant filed an answer to interrogatories on March 30, 2001. Plaintiff filed a motion to strike the answers on April 6, 2001. Plaintiff argued that defendant did not sign the answers as required and answered only 12 of 24 interrogatories propounded. The trial court granted plaintiff's motion to strike on April 18, 2001. The April 18 order also imposed the sanction for failure to comply with discovery set out in the March 16 order.

A mandatory arbitration hearing was held on October 3, 2001. Defendant's attorney presented an opening and closing argument and cross-examined plaintiff as to the facts of the accident and the contents of her Supreme Court Rule 90(c) packet (166 Ill. 2d R. 90(c)). In compliance with the April 18 order, defendant offered no evidence and did not testify. Plaintiff asked for an award of $19,000 and a finding of bad faith against defendant under Rule 91(b) (145 Ill. 2d R. 91(b)). The arbitration panel awarded her $8,500 plus costs. A bad-faith finding was not included in the award.

Plaintiff filed an anticipatory motion to bar defendant from rejecting the arbitrators' award on October 9, 2001. Plaintiff argued that defendant's failure to comply with prearbitration orders causing her to be barred from presenting testimony or evidence at the hearing amounted to a failure to meaningfully participate in the arbitration hearing under Rule 91(b) (145 Ill. 2d R. 91(b)). Defendant filed a rejection of the arbitration award on October 17, 2001. Defendant also filed a response to plaintiff's motion, but a copy is not included in the record before us. Plaintiff's reply reveals that defendant argued lack of prejudice and also that making opening and closing statements and cross-examining plaintiff at the hearing satisfied the meaningful participation requirement.

The trial court conducted a hearing on plaintiff's motion to bar on

December 27, 2001. There is no transcript of the hearing, but a certified bystander's report is included in the record. The trial court heard the arguments of counsel, which tracked the briefs filed. No evidence was taken. The trial court granted the motion to bar based on defendant's failure to participate in the arbitration hearing in good faith and imposed the debarment sanction under Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)). The trial court then entered judgment on the arbitration award. This appeal followed.

Defendant challenges the trial court's order barring her from rejecting the arbitration award and contends that: (1) defendant did not fail to participate in good faith; (2) defendant subjected the case to the same degree of adversarial testing required at trial; (3) debarment here improperly sanctions conduct outside of the arbitration hearing; (4) the trial court cannot make a bad-faith finding relating to defendant's conduct at the arbitration hearing; and (5) the sanction was too severe.

■ We will not disturb a trial court's decision to bar a party from rejecting an arbitration award absent an abuse of discretion. *Hinkle v. Womack*, 303 Ill. App. 3d 105, 110, 707 N.E.2d 705 (1999). A trial court abuses its discretion when its decision is arbitrary, fanciful or unreasonable. *Diamond v. United Food & Commercial Workers Union Local 881*, 329 Ill. App. 3d 519, 526, 768 N.E.2d 865 (2002); *People v. Illgen*, 145 Ill. 2d 353, 364, 583 N.E.2d 515 (1991).

Defendant first claims that she did not fail to meaningfully participate in the arbitration hearing but was merely complying with an earlier order that barred her from testifying. She claims to have subjected the case to the same adversarial testing that would have been required at trial. Defendant concludes that her debarment "effectively punishes [defendant] twice for the same act."

Defendant's argument is an unpersuasive attempt to minimize the negative inferences raised by her prearbitration conduct. Defendant's claim, that she cannot be penalized for her limited participation at the arbitration hearing where that limited participation was in compliance with a trial court's earlier sanction order, implies that defendant has been innocently caught in an unfortunate Catch-22 created by the interplay between the supreme court rules governing sanctions and mandatory arbitration. But defendant's predicament is of her own making.

■ Defendant failed to comply with discovery, prompting a motion to compel. Defendant then agreed to comply with written discovery by March 30 and give her deposition on April 6. Defendant's "compliance" consisted of half-answered, unsigned and unverified answers to interrogatories. The trial court granted a motion to strike and barred

defendant from testifying and producing evidence at trial or arbitration. That order was entered in April. Arbitration was held in October, six months later. Defendant made no attempt in those six months to comply with discovery or modify or vacate the April 18 order to enable her to participate fully at arbitration or trial. Defendant instead appeared at the October arbitration hearing, engaged in minimal participation, rejected an unfavorable award, and now argues that her rejection cannot be barred based on a lack of good faith. We believe that defendant's reasoning subverts the mandatory arbitration system. Our analysis of similar facts in *Eichler v. Record Copy Services*, 318 Ill. App. 3d 790, 742 N.E.2d 1245 (2000), is instructive and underscores our conclusion.

The plaintiff in *Eichler* was barred from testifying or presenting evidence at an arbitration hearing for an earlier failure to comply with discovery. The arbitrators entered an award in favor of the defendants. *Eichler*, 318 Ill. App. 3d at 791. The plaintiff was then debarred from rejecting the award based on her failure to participate in good faith under Rule 91(b). *Eichler*, 318 Ill. App. 3d at 791. As defendant argues here, the plaintiff claimed in *Eichler* that she was "unable" to participate based on an earlier court order. *Eichler*, 318 Ill. App. 3d at 792. We found the argument unpersuasive:

> "Plaintiff made no attempts in the three-month time to comply with, vacate, or modify the August 25, 1999, court order even though she knew of its consequences upon her in the arbitration hearing. Plaintiff's ability to testify at the arbitration or trial was in her hands by either complying with or modifying the court order. She did neither. Plaintiff's failure to even attempt to comply with the court's discovery order of August 25, 1999, or to vacate or modify the sanctions portion of that order prior to the November 1999 arbitration hearing indicates that plaintiff never intended to participate in the arbitration in good faith." *Eichler*, 318 Ill. App. 3d at 792.

As in *Eichler*, defendant's continued failure to comply with discovery here demonstrated an unwillingness to participate in good faith. Accepting defendant's argument would undermine the spirit and purpose of Rule 91(b) and the mandatory arbitration system as a whole. See *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 191, 698 N.E.2d 189 (1998) (purpose of Rule 91(b) is defeated when a party is ineptly prepared or intentionally disregards the process); 145 Ill. 2d R. 91(b), Committee Comments, at ixx ("[a]rbitration must not be perceived as just another hurdle to be crossed in getting the case to trial").

■ We do note that in *Eichler*, the arbitration panel made a bad-

faith finding whereas here no such finding was made. *Eichler*, 318 Ill. App. 3d at 791. A bad-faith finding by an arbitration panel is not a prerequisite to entry of a debarment order by the trial court. See *Hill v. Joseph Behr & Sons, Inc.*, 293 Ill. App. 3d 814, 817, 688 N.E.2d 1226 (1997). The trial court may make its own bad-faith finding even where none is made by the arbitration panel. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 85-86, 733 N.E.2d 694 (2000). A panel's finding is only *prima facie* evidence. *Hill*, 293 Ill. App. 3d at 817. *Prima facie* evidence is not an irrebuttable presumption. *Hill*, 293 Ill. App. 3d at 817.

Defendant also argues that a debarment order here improperly sanctions conduct outside of the arbitration hearing. We disagree.

■ Debarment is limited to sanction conduct at the hearing. *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 678 N.E.2d 701 (1997). Defendant's argument here mistakenly assumes that the debarment was based on the March 16 and April 18 orders. It was not. Defendant here was barred from rejecting the award because the trial court found that she did not participate at the hearing in good faith. We have already determined that defendant's ability to ensure good-faith compliance at the hearing was within her control at all times. Defendant chose not to exert that control and must now endure the consequences of that decision.

■ Defendant last argues that a debarment sanction was too severe. We review a trial court's decision to debar a defendant from rejecting the arbitration award under Rule 219(c) for an abuse of discretion. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120, 692 N.E.2d 286 (1998). We find no abuse here.

■ Defendant's conduct demonstrated a continuous and deliberate disregard both for the trial court's authority and the mandatory arbitration process. Debarment was warranted. *Eichler*, 318 Ill. App. 3d at 792. We note that the debarment order here did not contain specific findings by the trial court. An order imposing sanctions under Rule 219(c) "shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 166 Ill. 2d R. 219(c). But a court's failure to set out the grounds for sanctions is not *per se* reversible error. *Chabowski v. Vacation Village Ass'n*, 291 Ill. App. 3d 525, 528, 690 N.E.2d 115 (1997). As in *Chabowski*, the dismissal as a sanction here was entered under a written motion. We can assume that the reasons for the debarment sanction are those set out in plaintiff's motion, absent contrary evidence of record. And, as in *Chabowski*, the dilatory conduct of the defendant-appellant here is apparent from the record. We caution the trial court, however, that the better practice is always to incorporate the grounds for such a sanction in its written order.

64

The judgment of the trial court barring defendant from rejecting the arbitration award and entering judgment on the award is affirmed.

Affirmed.

WOLFSON, P.J., and BURKE, J., concur.