OLIVIA MARTINEZ, Plaintiff-Appellee, v. BECKY GAIMARI, Defendant-Appellant.

Second District    No. 2—94—0653

Opinion filed April 24, 1995.—Rehearing denied May 17, 1995.

Keely Truax and Ross Roloff, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Becky Gaimari, appeals from an order of the circuit court of Du Page County which barred her from rejecting an arbitration award in favor of plaintiff, Olivia Martinez, and which entered a judgment on the award. Defendant argues that the trial court erred in (1) barring defendant from rejecting the award, (2) entering judgment on the award, and (3) failing to strike plaintiff's motion to bar defendant from rejecting the award. We affirm.

This case arose from a September 16, 1992, automobile accident involving plaintiff and defendant. Plaintiff's complaint sought a $7,887.23 judgment. The cause was assigned to mandatory arbitration, and the arbitration hearing commenced on January 7, 1994. The arbitrators found in favor of plaintiff and awarded her $7,887.23.

The arbitrators also unanimously found that defendant failed to participate in the hearing in good faith and in a meaningful manner. The arbitrators' factual basis for this finding reveals that plaintiff never served defendant with a notice requesting defendant to appear at the arbitration hearing. (See 134 Ill. 2d R. 237(b).) Defendant's counsel appeared at the hearing, but defendant did not. Although defendant's answer disputed liability, defense counsel did not present any evidence at the hearing. However, defense counsel cross-examined plaintiff and made legal arguments. On January 18, 1994,

defendant filed a notice of rejection of the award and paid the $200 fee.

On February 18, 1994, plaintiff moved, pursuant to Supreme Court Rules 91(b) and 219(c) (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 91(b), eff. June 1, 1993; 134 Ill. 2d R. 219(c)), for an order barring defendant from rejecting the award. Plaintiff also requested that the court enter judgment on the award. Neither plaintiff nor her attorney appeared at the April 12 hearing on plaintiff's motion. A secretary of plaintiff's counsel appeared, explained that plaintiff's attorney could not appear because he was engaged in a trial in another county, and requested a continuance. Defendant objected to a continuance. The trial court continued the matter to May 9 and ordered plaintiff's counsel to file within 14 days an affidavit stating that, on April 12, he in fact was engaged in a trial "with jurors or witnesses sworn."

At the May 9 hearing, defendant tendered her affidavit, which stated that she did not attend the arbitration hearing because her one-year-old son had an extremely high fever. She took her son to the hospital, and the doctor subsequently diagnosed defendant's son as having bronchitis. Also, defendant, noting that plaintiff's attorney never filed the required affidavit, moved to strike plaintiff's motion to bar defendant from rejecting the arbitration award. The trial court denied defendant's motion and ordered plaintiff's counsel to file the affidavit within seven days. The court then granted plaintiff's motion and entered a judgment on the arbitration award.

Plaintiff's counsel filed his affidavit on May 20. The affidavit stated that, on April 12, 1994, counsel had two jury trials scheduled in another county. This timely appeal followed.

Defendant's principal argument on appeal is that the trial court erred in barring defendant from rejecting the arbitration award. Plaintiff has not filed an appellee's brief. Therefore, we will address defendant's contentions under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

Defendant relies on our decision in *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160. In *Weisenburn,* the plaintiff filed, pursuant to Rule 237, a notice requesting the defendant to be available to testify as an adverse witness at the arbitration hearing. The defendant did not appear, but his counsel was present. The trial court entered judgment on the arbitration award in the plaintiff's favor, finding that the defendant's notice of rejection was waived because he failed to appear at the arbitration hearing.

We reversed, relying on Supreme Court Rules 91 and 93. Rule 91 provided that "[t]he failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award." (134 Ill. 2d R. 91(a).) Rule 93 provided that "any party who was present at the arbitration hearing, *either in person or by counsel*, may file *** a written notice of rejection of the award and request to proceed to trial." (Emphasis added.) 134 Ill. 2d R. 93(a).

We recognized that, pursuant to Rule 237, a party may be required to attend the hearing in person and that sanctions may be imposed for failing to attend. (*Weisenburn*, 214 Ill. App. 3d at 164.) However, we held that, in light of the language of Rules 91 and 93(a), such a failure to appear cannot be deemed a waiver of the party's right to reject the award. (*Weisenburn*, 214 Ill. App. 3d at 164.) To hold otherwise would effectively read parts of Rules 91 and 93 out of the arbitration scheme. (*Weisenburn*, 214 Ill. App. 3d at 164.) Because the defendant in *Weisenburn* had counsel present at the hearing, he preserved his right to reject the arbitration award. *Weisenburn*, 214 Ill. App. 3d at 164; see also *Allstate Insurance Co. v. Pena* (1992), 227 Ill. App. 3d 348, 349.

■ Defendant argues that the same result should obtain here. However, after we decided *Weisenburn*, Rule 91 was amended to include a new subsection (b). That provision provides:

"All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis *** shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, *an order debarring that party from rejecting the award ***.*"

(Emphasis added.) Official Reports Advance Sheet No. 8 (April 14, 1993), R. 91(b), eff. June 1, 1993.

Moreover, Rule 93(a) was amended to provide that "[t]he filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award." (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 93(a), eff. June 1, 1993.) The impetus for the amendments was complaints by arbitrators that some parties and attorneys would merely attend the arbitration hearing and would refuse to participate in arbitration. Official Reports Advance Sheet No. 8 (April 14, 1993), R. 91(b), Committee Comments, eff. June 1, 1993.

We agree with defendant that, because she was present at the hearing by counsel, she cannot be deemed to have waived her right to reject the arbitration award. However, under the recent amendment to Rule 91, the trial court clearly had the authority to impose, as a sanction, an order barring defendant from rejecting the arbitration award. We disagree with defendant that this interpretation creates an illogical inconsistency. Rule 91(b) provides for a variety of sanctions, and imposing Rule 91(b) sanctions is not warranted every time a party fails to appear in person at the arbitration hearing. Sanctions are appropriate only when the party's failure to appear in person constitutes a failure to participate in good faith and in a meaningful manner.

■ Defendant argues that, nevertheless, the trial court erred in finding that she failed to participate in the hearing in good faith and in a meaningful manner. According to defendant, because she had to respond to a medical emergency involving her son, she had a valid excuse for not attending the hearing. The arbitration panel's finding that defendant failed to participate in the hearing in good faith and in a meaningful manner constitutes *prima facie* evidence of that fact. (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 91(b), eff. June 1, 1993.) Whether defendant presented evidence sufficient to rebut this *prima facie* evidence is a question of fact. Therefore, we will not disturb the trial court's ruling unless it is against the manifest weight of the evidence. *Fletcher v. Marshall* (1994), 260 Ill. App. 3d 673, 675.

Defendant was an eyewitness to the events allegedly giving rise to her liability, and, therefore, her participation in the arbitration hearing was most likely essential. Moreover, the record reveals that defendant did not offer the medical excuse until she was faced with the prospect of being barred from rejecting the award. The arbitrators and the trial court reasonably could have concluded that, by not requesting that the hearing be continued so that defendant could be present, defendant never intended to participate in good faith and in a meaningful manner.

Even if defendant's excuse for failing to attend the hearing is valid, the trial court's ruling is not against the manifest weight of the evidence. What is most important is that defendant failed to present any evidence to rebut plaintiff's case in chief. It is highly unlikely that defendant would have proceeded in this manner if the cause had gone to trial. The purpose of the amendments to Rules 91 and 93 was to emphasize that "[a]rbitration must not be perceived as just another hurdle to be crossed in getting the case to trial." (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 91(b), Committee Comments, eff. June 1, 1993.) Where, as here, a defendant fails to

subject the plaintiff's case to the type of adversarial testing that would be expected at a trial, the mandatory arbitration process loses its value entirely. The amendments to Rules 91 and 93 constitute an attempt to allay this problem. Therefore, we conclude that the trial court did not commit error when, as a sanction, it barred defendant from rejecting the arbitration award.

■ We also reject defendant's contention that the trial court erred in entering a judgment on the arbitration award. Rule 92(c) provides that any party may move for judgment if none of the parties files a notice of rejection. (Official Reports Advance Sheet No. 1 (January 5, 1994), R. 92(c), eff. January 1, 1994.) Defendant claims that the trial court had no authority to entertain plaintiff's motion because defendant had already filed a notice of rejection.

Defendant's argument ignores Rule 93(a), which states that the filing of a notice of rejection is not effective as to any party who is debarred from rejecting an award. (Official Reports Advance Sheet No. 8 (April 14, 1993), R. 93(a), eff. June 1, 1993.) We must interpret the mandatory arbitration rules harmoniously (*Weisenburn*, 214 Ill. App. 3d at 163-64), and must avoid an interpretation that would lead to absurd results (*Baker v. Miller* (1994), 159 Ill. 2d 249, 262). It would be incongruous to adopt an interpretation of Rule 92(c) which would allow a party to frustrate the purpose underlying the amendments to Rules 91 and 93 simply by filing a notice of rejection before another party has a chance to move for an order debarring that party from rejecting the award. When the trial court entered the order debarring defendant from rejecting the award, defendant's notice of rejection was no longer of any effect. Therefore, the trial court properly entered judgment on the award.

■ Defendant's final contention is that the trial court erred in denying defendant's request to strike plaintiff's motion to bar defendant from rejecting the arbitration award. According to defendant, because plaintiff's counsel failed to file his affidavit in accordance with the trial court's April 12, 1994, order, the proper remedy was to strike plaintiff's motion. Defendant fails to cite any authority in support of this argument. Therefore, this contention is waived. (145 Ill. 2d R. 341(e)(7); *Ollivier v. Alden* (1994), 262 Ill. App. 3d 190, 199.) Furthermore, because counsel eventually filed his affidavit, we fail to see how the trial court's ruling prejudiced defendant.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN, P.J., and BOWMAN, J., concur.