JERRY CHABOWSKI, Plaintiff-Appellant, v. VACATION VILLAGE ASSOCIATION *et al.*, Defendants-Appellees.

Second District   No. 2—96—0508

Opinion filed April 10, 1997.

Robert J. Emery, of Buffalo Grove, for appellant.

David M. Lefkow and Eric K. Wein, both of Arnstein & Lehr, of Chicago, for appellees.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiff, Jerry Chabowski, appeals the dismissal with prejudice of his complaint against defendants, Vacation Village Association, Robert DePauw, and Frank Hauser. Plaintiff raises the following issues for our consideration: (1) whether the court committed procedural error by not specifying the reasons for the dismissal; (2) whether the dismissal was an abuse of discretion; and (3) whether the court erred in awarding defendants attorney fees of $375. We affirm.

Plaintiff filed a complaint against defendants, alleging breach of an employment contract, lost wages, libel, slander, and intentional interference with contractual relations. On April 11, 1995, the case was dismissed for want of prosecution. Plaintiff then filed a "motion to vacate default judgment," although no default judgment had been entered. The court struck plaintiff's motion when neither plaintiff nor his attorney appeared at the hearing on the motion. Plaintiff then refiled his still incorrectly titled motion. On June 5, 1995, the court granted the motion and vacated the dismissal order.

On November 8, 1995, defendants filed a motion to compel plaintiff's deposition within seven days. In the motion, defendants stated that plaintiff's deposition had been scheduled for October 27, but that plaintiff's attorney, Robert Emery, cancelled it the day before. The parties agreed to reschedule the deposition for November 2, but on that day defendants' attorneys contacted Emery and found out that plaintiff would again not be appearing. Emery failed to contact defendants' attorneys to reschedule, and defendants asked the court to compel plaintiff to give his deposition within seven days. The court ordered plaintiff to give the deposition within 19 days.

On December 5, 1995, defendants moved to dismiss with prejudice plaintiff's complaint because of plaintiff's failure to comply with discovery. In the motion, defendants pointed out that plaintiff had twice again failed to show up for his deposition within the court's 19-day deadline. Defendants argued that, when plaintiff failed to show up on November 22, their attorneys called Emery's office and found out that plaintiff would not be appearing and that Emery had faxed a cancellation letter the night before. Defendants then rescheduled the deposition for December 4, the nineteenth day, but gave Emery the option of suggesting a different date if that one was not satisfactory. Plaintiff failed to appear for his deposition on December 4. Defendants asked the court to dismiss the complaint with prejudice as a sanction pursuant to Supreme Court Rule 219(c)(v) (166 Ill. 2d R. 219(c)(v)).

Neither plaintiff nor Emery appeared at the hearing on the motion to dismiss, and the court granted the motion. Plaintiff then filed a motion to vacate, arguing that he had arrived 15 minutes too late for the hearing. The court granted the motion, but awarded defendants $375 in attorney fees. The court gave plaintiff 14 days to respond to the motion to dismiss, gave defendants 7 days to reply, and set the matter for hearing on March 18, 1996. The hearing was continued to March 27, at which time the court granted defendants' motion to dismiss with prejudice.

■ On appeal, plaintiff first argues that the court committed procedural error by not indicating in writing the reasons for its decision. Plaintiff points out that a recent amendment to Rule 219 provides in part:

> "Where a sanction is imposed under this paragraph (c), the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 166 Ill. 2d R. 219(c).

This requirement became effective approximately three months before the judge entered the dismissal order. However, case law has imposed a similar requirement. Plaintiff cites *Spiegel v. Hollywood Towers Condominium Ass'n*, 283 Ill. App. 3d 992 (1996), *Walton v. Throgmorton*, 273 Ill. App. 3d 353 (1995), and *Martinez v. Pfizer Laboratories Division*, 216 Ill. App. 3d 360 (1991), for the proposition that, when a court dismisses a cause of action as a discovery sanction, it must specify the grounds upon which it is basing the dismissal.

*Spiegel* involved monetary sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137), not a dismissal pursuant to Rule 219(c). The court did not reverse the sanctions, finding that the transcript showed

that the trial judge had articulated the basis for the sanctions. In *Walton*, the court dismissed a cause of action as a discovery sanction, but the defendant had not asked it to do so. The appellate court could not find sufficient support in the record for the decision and therefore reversed. In *Martinez*, the trial court dismissed plaintiff's complaint as a discovery sanction, and the appellate court reversed, finding the trial judge's decision was not supported by the record. The court stated that "a trial court cannot choose the more drastic path of dismissing a claim without giving specific reasons subject to review." *Martinez*, 216 Ill. App. 3d at 374-75.

■ Here, the trial court did not state reasons for the dismissal, but the dismissal order was entered pursuant to a written motion by defendants. Thus, we can assume that the reasons for the dismissal are those set out in defendants' motion. Further, the dilatory conduct of plaintiff's counsel is apparent from the record. Plaintiff chose not to file any reports of proceedings or to prepare a bystander's report, and therefore we cannot determine if the trial judge discussed the reasons for its decision at the hearing on the motion to dismiss. The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and, in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Although we recognize that Rule 219(c) requires the court to state its reasons in writing, we do not believe that the failure of the court to do so is *per se* reversible error, particularly where, as here, the trial court's order grants a written motion that spells out the reasons for the dismissal and those reasons are supported by the record.

■ We next consider the merits of the trial court's decision to dismiss plaintiff's case with prejudice. We initially note that we will reverse the trial court's decision to impose a particular sanction only when the record establishes an abuse of discretion. *American Family Insurance Co. v. Village Pontiac-GMC, Inc.*, 223 Ill. App. 3d 624, 627 (1992). The supreme court held in *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67-68 (1995), that dismissing a cause of action with prejudice is a drastic sanction that should be employed only when other enforcement actions have failed. Further, the court explained that a court should dismiss a cause of action for a party's failure to abide by a court's orders only when the party has shown a "deliberate and contumacious disregard for the court's authority." *Sander*, 166 Ill. 2d at 68. In *Sander*, the supreme court held the dismissal was proper

because the plaintiffs had violated four court orders setting deadlines for amended pleadings, failed to reply to a motion for a protective order, and continually repleaded matters that had been stricken.

Plaintiff suggests that a party must violate more than one court order before the court may rely on a dismissal with prejudice as a sanction. We disagree. *Sander* requires only that a party demonstrate a deliberate and contumacious disregard for the court's authority. The type of conduct that can evince a deliberate and contumacious disregard for the court's authority is obviously varied and will differ from case to case. However, *Sander* also explained:

> "Where it becomes apparent that a party has willfully disregarded the authority of the court, and such disregard is likely to continue, the interests of that party in the lawsuit must bow to the interests of the opposing party." *Sander*, 166 Ill. 2d at 69.

We believe this is such a case.

Plaintiff's counsel has shown a disregard for the court's authority throughout the lawsuit. The lawsuit was originally dismissed for want of prosecution when plaintiff's attorney failed to show up for a progress call. Plaintiff then moved to vacate the dismissal and set the matter for a hearing, but then failed to show up for the hearing, and his motion was stricken. After the cause was reinstated, plaintiff twice cancelled his deposition. Defendants sought the court's assistance in compelling plaintiff's deposition. The court gave plaintiff 19 days to give his deposition, and plaintiff cancelled two more times within the 19-day period. Defendants then moved to dismiss, and the cause was dismissed when plaintiff's attorney failed to show up at the hearing. The court then agreed to vacate the dismissal and set the matter for a hearing, but sanctioned plaintiff's counsel by ordering him to pay $375 in attorney fees to defendants. After a hearing, the court agreed that the cause should be dismissed with prejudice. Thus, it was not just that the plaintiff violated one court order, but that he showed a lack of respect for the court's authority by continually failing to show up for court and by failing to comply with discovery. Once he failed to show up for the hearing on his own motion to vacate a dismissal. Plaintiff's counsel's conduct was consistent throughout this cause, and there was no reason for the trial court to assume that it would improve. Plaintiff's counsel showed a deliberate and contumacious disregard for the court's authority, and we find no abuse of discretion by the trial court.

■ Finally, plaintiff argues that his attorney should not have been sanctioned $375 for attorney fees. Defendants respond that plaintiff does not have standing to appeal a sanction entered solely against his attorney. Plaintiff relies on a fifth district case, *Dunaway*

*v. Ashland Oil, Inc.*, 189 Ill. App. 3d 106, 109-10 (1989), for the proposition that a reviewing court will consider such an appeal and will join the attorney as a party appellant. However, plaintiff fails to mention that *Dunaway* explained that it declined to follow a second district case, *Sherman Hospital v. Wingren*, 169 Ill. App. 3d 161 (1988). The rule we have applied in this district is that a party does not have standing to appeal an award of sanctions imposed solely against his attorney. *Sherman*, 169 Ill. App. 3d at 165; see also *Northern Trust Co. v. Brentwood North Nursing & Rehabilitation Center, Inc.*, 225 Ill. App. 3d 1039, 1041 (1992) (plaintiff lacks standing to argue relating to detriment suffered by its attorneys when attorneys did not file notice of appeal). Therefore, we conclude that plaintiff does not have standing to argue the sanction imposed against his attorney.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and BOWMAN, JJ., concur.