No. 3--97--0393

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

EMPLOYER'S CONSORTIUM, INC., ) Appeal from the Circuit Court

and CORY AND ASSOCIATES, INC., ) of Du Page County.

)

Plaintiffs-Appellants, ) No. 96--AR--977

)

v. )

)

CARRIE A. AARON, ) Honorable

) Richard A. Lucas,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE DOYLE delivered the opinion of the court:

Plaintiffs, Employer's Consortium, Inc., and Cory & Associates, Inc., sued to recover on promissory notes made by defendant, Carrie A. Aaron.  The case was referred to mandatory arbitration. The arbitrators found the plaintiffs had not participated in good faith and in a meaningful way pursuant to Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)).  Based on this finding, the trial court debarred the plaintiffs from rejecting the arbitrator's award.  Plaintiffs appealed the trial court's ruling.  We affirm.

Plaintiffs' amended complaint alleged defendant owed approximately $33,000 on 11 separate promissory notes.  Defendant's  answer admitted making the notes but denied defaulting and asserted several affirmative defenses.  Defendant was present with her attorney at the arbitration hearing on January 14, 1997.  Plaintiffs were represented by counsel.

Plaintiffs' attorney made an opening statement but did not call any witnesses.  The chairperson for the arbitrators offered plaintiffs' attorney the opportunity to contact any potential witnesses.  Plaintiffs' attorney declined to call any witnesses and did not request a continuance.  Plaintiffs' attorney then rested the case and submitted the unverified complaint along with the attached copies of the promissory notes to the arbitration panel.  The arbitration panel made an award in favor of defendant.  The arbitration panel also entered a unanimous Rule 91(b) finding that plaintiffs failed to participate in good faith and in a meaningful manner and listed as the factual basis therefor "failure to present any evidence."

On January 31, 1997, defendant filed a motion to bar rejection of arbitration.  Defendant attached the affidavit of her attorney in support of the motion.  Plaintiffs filed a written response including affidavits from plaintiffs' counsel and Andrew Corey.  Plaintiffs' first affidavit stated 
inter alia
 that their counsel was informed the night before the arbitration hearing that Andrew Cory, president of the plaintiff corporations, would be unable to attend.  The affidavit of Andrew Cory stated that he "was outside the State of Illinois and was unable to attend the arbitration."  Defendant's motion to bar rejection was granted on March 11, 1997.  Following denial of their motion for reconsideration, plaintiffs appealed.

Plaintiffs present a single issue for review, namely, whether the trial court properly debarred plaintiffs from rejecting the arbitration award based on the panel's finding that the plaintiffs failed to participate in good faith and in a meaningful manner as is required by Rule 91(b).

This issue requires a two-part analysis.  First, we must consider whether the trial court's finding that plaintiffs failed to participate in good faith and in a meaningful manner was against the manifest weight of the evidence.  
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883 (1995).  Second, we must consider whether debarring plaintiffs from rejecting the award was an abuse of discretion.  
Williams v. Dorsey
, 273 Ill. App. 3d 893, 901 (1995).   The supreme court adopted Rule 91(b) requiring good faith participation at mandatory arbitration hearings.  That rule provides in pertinent part:

"(b) Good-Faith Participation.  All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party."  145 Ill. 2d R. 91(b).

The committee comments to this rule indicate the intent of the rule was to prevent parties and lawyers from abusing the arbitration process by refusing to participate.  145 Ill. 2d R. 91, Committee Comments.  Arbitration is not to be considered simply a hurdle to cross on the way to trial.  145 Ill. 2d R. 91, Committee Comments.  The purpose of mandatory arbitration is to subject a case to the type of adversarial testing that would be expected at trial.  
Martinez
, 271 Ill. App. 3d at 883-84.

Supreme Court Rule 91(b) provides that the finding of an arbitration panel that a party did not participate in good faith is 
prima facie
 evidence of that fact.  145 Ill. 2d R. 91(b).  The party subject to sanctions of the Rule 91(b) has the burden of presenting evidence sufficient to rebut the 
prima facie
 evidence.  
Martinez
, 271 Ill. App. 3d at 883.

Plaintiffs argue that less deference should be given to the panel's finding when a report of proceedings exists.  Plaintiffs rely on 
Webber v. Bednarczyk
, 287 Ill. App. 3d 458 (1997), and 
Williams
, 273 Ill. App. 3d at 896-97
, in asserting that less deference is due a Rule 91(b) finding when a report of proceedings is available.  
Webber
, however, is inapposite.  
Webber
 stands for the contrary proposition that a trial court should not impose sanctions under Rule 91(b) in the absence of a finding by the arbitration panel without reviewing a transcript of the proceedings.  
Webber
, 287 Ill. App. 3d at 463.  Similarly, 
Williams
 does not provide guidance in this case, as it does not directly discuss the deference due findings under Rule 91(b) but instead discusses sanctions to be imposed for violations of Supreme Court Rule 237 (166 Ill. 2d R. 237)
.
  
Williams
, 273 Ill. App. 3d at 898-99.  Therefore, we find no reason to reinterpret the clear language of Rule 91(b) that the finding of the arbitration panel is 
prima facie
  evidence of a failure to participate in good faith and in a meaningful manner.

Here, the record does not provide sufficient evidence to rebut this 
prima facie
 finding.  On the date of the hearing, plaintiffs’ counsel appeared before the arbitration panel.  She made a brief opening statement and submitted a copy of the unverified complaint along with the attached exhibits to the arbitrators.  The chairperson of the arbitrators then offered plaintiffs’ counsel the opportunity to contact any witnesses.  Plaintiffs’ counsel did not call any witnesses, nor did she request a continuance.  The panel then entered an award in favor of defendant and made the unanimous finding that the plaintiffs had failed to participate in good faith and in a meaningful manner as required by Rule 91(b).

Plaintiffs concede that their counsel's performance before the panel was ineffective.  Plaintiffs admit in their brief that "[p]laintiffs’ counsel may have been unprepared or even inept" and that plaintiffs' presentation "may have been considered sloppy and unprepared participation."  Plaintiffs' counsel had several options.  For example, she could have requested a continuance to allow witnesses to appear.  She could also have examined the defendant, who was present, regarding the notes.  Plaintiffs’ counsel, however, did nothing and rested her case solely on the complaint.  

Plaintiffs did not present evidence to provide the arbitrators with the basis for an award.  Even if the unverified complaint and attached exhibits had been accepted by the arbitration panel as evidence, plaintiffs would not have presented a 
prima facie
 case.  The making of the notes was undisputed. The issues in dispute centered around payment and other affirmative defenses raised by defendant.  Plaintiffs presented no evidence regarding payment of the notes and did not address the affirmative defenses.  It is highly unlikely that plaintiffs would have proceeded in this manner at trial.  This was not the adversarial testing necessary to maintain the integrity of the arbitration process.  
Martinez
, 271 Ill. App. 3d at 883-84.

Plaintiffs also argue that their participation in the arbitration process was in good faith regardless of its quality.  To prevent imposition of a sanction, plaintiffs have the burden of demonstrating that their actions were reasonable or justified by extenuating circumstances.  
Kubian v. Labinsky
, 178 Ill. App. 3d 191, 197 (1988).  The only evidence of extenuating circumstances presented to the trial court was the affidavit of Andrew Corey.  The affidavit stated simply that Corey could not attend the arbitration hearing because he was outside the state.  Plaintiffs presented no evidence that this was reasonable or the result of extenuating circumstances.  Plaintiffs also provided no explanation for counsel's failure to request a continuance when confronted with the absence of plaintiffs' primary witness.  Plaintiffs argue that a sanction under Rule 91(b) was inappropriate because although "counsel may have been unprepared or even inept" she did not refuse to participate.  We disagree.  Rule 91(b) requires parties to participate "in good faith 
and
 in a meaningful manner." (Emphasis added.) 145 Ill. 2d R. 91(b).  A trial court need not find intentional obstruction of the arbitration proceeding.  The purposes of Rule 91(b) are defeated whether a party's conduct is the result of inept preparation or intentional disregard for the process.  See 
Martinez
, 271 Ill. App. 3d at 883 (validity of excuse held less important than failure to present evidence).

Finally, plaintiffs argue that the Rule 91(b) finding was deficient because the panel stated as a basis for its findings only the "failure to present any evidence."  Without citation to authority plaintiffs argue that the panel's finding failed to provide a sufficient explanation and reasoning.  We disagree.  Given these facts, the panel's explanation is sufficiently clear to inform plaintiffs of the basis for its finding.

Therefore, after a thorough review of the record, we cannot conclude that the trial court's finding that plaintiffs did not participate in good faith was against the manifest weight of the evidence.

The second step of the analysis requires us to determine whether the trial court abused its discretion when it debarred plaintiffs from rejecting the award.  
Williams
, 273 Ill. App. 3d at 901.  A court's decision is an abuse of discretion when it is arbitrary or exceeds the bounds of reason.  
Kellett v. Roberts
, 281 Ill. App. 3d 461, 466 (1996).  It is essential to the integrity of the mandatory arbitration process that the parties proceed at the arbitration hearing in good faith and subject their claims to the sort of adversarial testing that would be expected at trial.  
Martinez
, 271 Ill. App. 3d at 883-84.  A trial court has discretion to enforce supreme court rules and impose sanctions on the parties as appropriate and necessary to promote the unimpeded flow of litigation and maintain the integrity of our court system.  
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 68 (1995).  More importantly, Rule 91 specifically allows for an order debarring a party from rejecting the award as a sanction for failure to participate in good faith and in a meaningful manner.  Here, having presented no evidence, the plaintiffs failed to participate in the hearing in good faith and in a meaningful manner.  It is immaterial whether plaintiffs' failure to participate was the result of lack of preparation or an intentional disregard for the process.  The trial court concluded that plaintiffs' actions warranted debarment from rejecting the award as a sanction.  We cannot conclude that this was an abuse of the trial court's discretion.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and BOWMAN, JJ., concur.