STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. ANTON KOSCELNIK, Defendant-Appellee.

First District (2nd Division)    No. 1—02—0478

Opinion filed August 19, 2003.

Steven D. Gertler & Associates, of Chicago (Adam Schiefelbein, of counsel), for appellant.

Stride, Craddock & Stride, of Chicago (Herbert F. Stride, Nicholas C. Panos, and Vickie Voukidis Blum, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff State Farm Mutual Insurance Company appeals from an order of the circuit court debarring it from rejecting an arbitration award issued in favor of defendant Anton Koscelnik. On appeal, plaintiff contends that the trial court abused its discretion in finding that plaintiff failed to participate in the arbitration hearing in good faith and in barring plaintiff from rejecting the award. For the reasons set forth below, we affirm.

Plaintiff filed a subrogation action against defendant, alleging that defendant carelessly and negligently caused a collision between plaintiff's insured's vehicle and defendant's vehicle on June 1, 1996, which resulted in personal injury and property damage to plaintiff's insured. Pursuant to Illinois Supreme Court Rule 86 (155 Ill. 2d R. 86), the matter was set for arbitration on October 17, 2001.

Prior to the arbitration, both parties served Illinois Supreme Court Rule 237 (166 Ill. 2d R. 237) notices to produce. Plaintiff, in its notice to produce, specifically requested defendant's presence at the arbitration. Defendant requested the presence of "plaintiff(s) or if the plaintiff is a corporation, then the employee of the plaintiff who is its designated representative, or if none named, the adjuster with the most knowledge of the claim." Both plaintiff and defendant's counsel appeared at the arbitration hearing. Plaintiff's representative, a claims adjuster, also appeared at the hearing. Neither defendant nor plaintiff's insured attended the arbitration.

The arbitration began at 8:45 a.m., and at 9 a.m., the arbitrators entered an award in favor of defendant. The arbitrators wrote only the following on the award: "Award for defendant. Defendant present through counsel only. Plaintiff present through counsel only. 237 notices were served on both parties." The record on appeal does not contain a transcript of the hearing.

On October 31, plaintiff filed a notice of rejection of the arbitration award pursuant to Illinois Supreme Court Rule 93 (166 Ill. 2d R. 93). On December 18, pursuant to Illinois Supreme Court Rule 91 (145 Ill. 2d R. 91), defendant filed a motion to bar plaintiff's rejection of the award. Plaintiff filed a response to defendant's motion and a motion for sanctions against defendant for failing to appear at the arbitration in violation of plaintiff's Rule 237 notice.

On January 17, 2002, the trial court heard both defendant's motion to bar plaintiff from rejecting the arbitration award and plaintiff's motion for sanctions. Defendant argued that plaintiff failed to participate in the arbitration hearing in good faith and in a meaningful manner because it did not produce its insured and, therefore, it failed to present any evidence with regard to defendant's liability. Plaintiff responded that the evidence it had intended to produce at the arbitration hearing—its claims adjuster's testimony, an Illinois Supreme Court Rule 90(c) (166 Ill. 2d R. 90(c)) package which included pictures of the damage to plaintiff's insured's vehicle and plaintiff's insured's personal injury and property damage bills, and the adverse testimony of defendant—was sufficient to constitute good-faith participation. Plaintiff further argued that because defendant did not appear at the arbitration, in violation of plaintiff's Rule 237 notice, court-ordered sanctions were warranted. The trial court ruled in favor of defendant on both motions, finding that plaintiff failed to participate in the arbitration hearing in good faith and that the issue of plaintiff's motion for sanctions against defendant was "moot." This appeal followed.

Plaintiff contends that the trial court abused its discretion in finding that plaintiff failed to participate in the arbitration hearing in good faith and in barring plaintiff's rejection of the arbitration award. Defendant contends that the trial court properly barred plaintiff from rejecting the award because plaintiff presented no evidence at the arbitration hearing with regard to liability for the accident.

■ A trial court's imposition of sanctions pursuant to Supreme Court Rule 91 will be reversed only where the court's decision was an abuse of discretion. *Goldman v. Dhillon*, 307 Ill. App. 3d 169, 172, 717 N.E.2d 474 (1999). An abuse of discretion will be found only if the trial court's ruling was arbitrary or if it exceeded the bounds of reason. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 81, 733 N.E.2d 694 (2000). The supreme court rules regarding mandatory arbitration are designed to prevent abuse in, and to uphold the integrity of, the arbitration process. *State Farm Insurance Co. v. Rodrigues*, 324 Ill. App. 3d 736, 740, 756 N.E.2d 359 (2001).

■ Under Illinois Supreme Court Rule 91, a party waives the right to reject an arbitration award when the party fails: (1) to appear, either in person or by counsel, at the arbitration hearing; or (2) to participate in the arbitration hearing in good faith and in a meaningful manner. 145 Ill. 2d R. 91(a), (b). In the present case, the trial court debarred plaintiff from rejecting the arbitration award on the second ground, *i.e.*, it found that plaintiff failed to participate in the arbitration hearing in good faith and in a meaningful manner.

Plaintiff first argues that because the arbitrators did not make an express written finding that plaintiff failed to participate in the arbitration hearing in good faith, the trial court abused its discretion in finding that plaintiff failed to participate in good faith and in debarring plaintiff's rejection of the award. Contrary to plaintiff's argument, however, it is well settled that even where the arbitrators do not include a written finding that the plaintiff failed to participate in good faith, the trial court may bar rejection of an award on the basis of lack of good faith. *Goldman*, 307 Ill. App. 3d at 172; *Saldana v. Newmann*, 318 Ill. App. 3d 1096, 1098, 743 N.E.2d 663 (2001).

Plaintiff next argues, citing *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 686 N.E.2d 645 (1997), that because the arbitrators did not find that plaintiff failed to participate in good faith and because no transcript of the hearing existed, the trial court had no basis upon which to determine whether plaintiff participated in the hearing in good faith and, therefore, it abused its discretion in holding that plaintiff did not. In *West Bend*, one of the defendants appeared at the arbitration hearing pursuant to the plaintiff's Rule 237 notice, but he could not speak English and he had no translator. At the hearing, the defendants' attorney made an opening statement, cross-examined the plaintiff, and made a closing argument in behalf of the defendants. The arbitrators ruled in favor of the plaintiff, but made no express finding that either of the defendants failed to participate in good faith. The plaintiff moved to have the defendants barred from rejecting the arbitration award and the trial court, without the benefit of a hearing transcript, granted the motion with respect to the non-English speaking defendant. The trial court found that the defendant " 'failed to participate in a meaningful manner and in good faith by failing to testify at the arbitration hearing in both Plaintiff[']s case pursuant to plaintiff[']s 237 notice and in Defendant[']s case in chief.' " *West Bend*, 292 Ill. App. 3d at 672. The *West Bend* court reversed the trial court's decision, stating that "the arbitration panel is in the best position to determine whether a party has failed to participate in an arbitration hearing in good faith or in a meaningful manner, and without an adequate record of the proceedings or a finding by the panel of a failure to participate in good faith and in a meaningful manner, the trial court cannot make its own determination of bad-faith participation." *West Bend*, 292 Ill. App. 3d at 674-75.

*West Bend* is distinguishable from the instant case. In *West Bend*, the issue was whether the defendant's inability to speak English and his failure to bring an interpreter to the arbitration hearing constituted bad-faith participation. The *West Bend* court held that it did not because, despite the defendant's inability to testify, the

defendant's attorney made an opening statement, cross-examined the plaintiff, and made a closing argument in behalf of the defendant. *West Bend*, 292 Ill. App. 3d at 674. In the case at bar, the issue is whether plaintiff failed to participate in good faith and in a meaningful manner by failing to produce its insured at the arbitration hearing. Here, unlike the situation in *West Bend*, plaintiff, the party seeking to reject the arbitration award, had the burden of producing sufficient evidence to support its claim at the arbitration hearing. As discussed below, a thorough review of the record reveals that plaintiff could only have met its burden by producing its insured or at least one eyewitness to the accident other than defendant, who contested liability, and plaintiff's failure to do so provided a basis for the trial court's determination that plaintiff failed to participate in the arbitration in good faith.

Plaintiff's complaint alleged that defendant negligently caused the collision between his vehicle and plaintiff's insured's vehicle by: (1) failing to keep a proper lookout for the insured's vehicle; (2) operating his vehicle at an excessive rate of speed; (3) failing to apply his brakes to avoid the collision; (4) disregarding traffic signals; and (5) failing to equip his vehicle with sufficient brakes in violation of Illinois law. At the hearing on defendant's motion to bar plaintiff from rejecting the arbitration award, and in its brief filed in this appeal, plaintiff argued that the following evidence, which it brought to the arbitration hearing, fully supported the allegations in its complaint: (1) its claims adjuster's testimony; (2) pictures of its insured's damaged vehicle; (3) bills for its insured's personal injury and property damage; and (4) defendant's adverse testimony. The record makes clear that plaintiff did not intend to produce its insured or any eyewitness to the collision, other than defendant, who, in his answer to plaintiff's complaint, denied liability for the accident. Because both parties contested liability, without plaintiff's insured or some other eyewitness's presence and testimony at the arbitration hearing other than defendant, plaintiff could not prove its claim to the arbitrators that defendant, rather than plaintiff's insured, caused the accident and that defendant was in fact negligent.

The facts here are similar to those in *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 649 N.E.2d 94 (1995). In *Martinez*, the plaintiff and the defendant both contested liability for an automobile accident that occurred between the parties. The matter was set for arbitration and both parties served Rule 237 notices to produce the respective parties at the hearing. The plaintiff appeared at the hearing, but, due to a medical emergency of her son, the defendant did not. The arbitrators entered an award in favor of the plaintiff and the defendant sought to

reject the award. Thereafter, the plaintiff filed a motion to debar the defendant from rejecting the award, which the trial court granted after finding that the defendant had failed to participate in the arbitration hearing in good faith and in a meaningful manner.

On appeal, the *Martinez* defendant argued that because she had a valid excuse for her absence at the arbitration hearing, the trial court abused its discretion in finding that she had failed to participate in the hearing in good faith. The *Martinez* court affirmed the trial court's decision, holding that because the defendant was an eyewitness to the events giving rise to her liability, her participation in the arbitration hearing was "essential." *Martinez*, 271 Ill. App. 3d at 883. The *Martinez* court further found that even though the defendant may have had a valid excuse for not attending the hearing, the trial court's decision to debar the defendant from rejecting the award was not against the manifest weight of the evidence because

> "[w]hat is most important is that defendant failed to present any evidence to rebut plaintiff's case in chief. It is highly unlikely that defendant would have proceeded in this manner if the cause had gone to trial. The purpose of the amendments to Rules 91 and 93 was to emphasize that '[a]rbitration must not be perceived as just another hurdle to be crossed in getting the case to trial.' [Citation.] Where, as here, a defendant fails to subject the plaintiff's case to the type of adversarial testing that would be expected at a trial, the mandatory arbitration process loses its value entirely. The amendments to Rules 91 and 93 constitute an attempt to allay this problem. Therefore, we conclude that the trial court did not commit error when, as a sanction, it barred defendant from rejecting the arbitration award." *Martinez*, 271 Ill. App. 3d at 883-84.

In the present case, plaintiff failed to produce its insured, who was an eyewitness to the accident, at the arbitration hearing. Here, as in *Martinez*, because liability was contested, the missing eyewitness, plaintiff's insured, was essential to the determination of the liability issue in the case. Further, similar to the defendant in *Martinez*, it is highly unlikely that plaintiff would have proceeded in this manner had the case gone to trial. Accordingly, because plaintiff failed to subject its case in the arbitration proceeding as would have been expected at trial, we find that the trial court did not abuse its discretion in finding that plaintiff failed to participate in good faith and in debarring plaintiff from rejecting the arbitration award.

Plaintiff next argues that because its conduct during the arbitration proceeding did not constitute a deliberate, contumacious, or unwarranted disregard of the court's authority, conduct that has been found to be a basis for dismissal of a plaintiff's lawsuit as a sanc-

tion (*Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 716 N.E.2d 809 (1999)), the trial court abused its discretion in finding that plaintiff failed to participate in the arbitration hearing in good faith. Plaintiff argues that it in fact complied with defendant's Rule 237 notice and that it intended to meaningfully participate in the arbitration proceeding.

We agree that plaintiff's conduct did not amount to deliberate, contumacious, or unwarranted disregard of the trial court's authority. Defendant's Rule 237 notice to produce requested that plaintiff bring a claims adjuster with the most knowledge of the accident to the arbitration. Plaintiff brought the claims adjuster who had worked on the subject claim, and, therefore, plaintiff complied with defendant's Rule 237 notice. Further, plaintiff provided the arbitrators with a Rule 90(c) package containing evidence that it intended to submit at the arbitration hearing. In addition, plaintiff intended to adversely examine defendant at the hearing. Given these facts, it cannot be said that plaintiff acted with disregard for the court's authority. However, a trial court need not find intentional obstruction of the arbitration proceeding in order to find bad-faith participation on the part of a party to an arbitration hearing. *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 191, 698 N.E.2d 189 (1998). In arbitration proceedings, parties are required to subject their cases to the type of adversarial testing that would be expected at trial. *Schmidt*, 315 Ill. App. 3d at 84. Here, as discussed above, we find that plaintiff, by failing to produce its insured or an eyewitness other than defendant, did not subject its case to the type of adversarial testing that would have been expected at trial. Accordingly, we reject plaintiff's contention that, because plaintiff's conduct did not amount to a deliberate, contumacious, and unwarranted disregard for the court's authority, the trial court abused its discretion in debarring plaintiff from rejecting the arbitration award.

Plaintiff's final argument is that the trial court's decision exceeded the bounds of reason and thereby deprived plaintiff of its right to a trial by jury. Because plaintiff failed to subject its case in the arbitration proceeding to the type of adversarial testing that would have been expected at trial, we do not find that the trial court's decision to debar plaintiff from rejecting the arbitration award exceeded the bounds of reason. Further, it is well settled that a trial court's decision to debar a party from rejecting an arbitration award pursuant to Supreme Court Rule 91 does not unconstitutionally deprive a party of its right to a trial by jury. *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1088, 689 N.E.2d 171 (1997). Accordingly, we reject plaintiff's final contention.

For the reasons stated, we affirm the decision of the circuit court debarring plaintiff from rejecting the arbitration award.

Affirmed.

McBRIDE, P.J., and GARCIA, J., concur.