819 N.E.2d 1127 (2004)
354 Ill. App.3d 1
289 Ill.Dec. 327
NATIONWIDE MUTUAL INSURANCE COMPANY, as Subrogee of Irene MIKA, Plaintiff-Appellant,
v.
Dorota KOGUT, Defendant-Appellee.
No. 1-02-3505.
Appellate Court of Illinois, First District, First Division.
November 15, 2004.
*1128 John G. McAuley of McAuley & Lamborn, Chicago, for Appellant.
Betsy Rosenberg of Mordini & Schwartz, P.C., Chicago, for Appellee.
Justice CAHILL delivered the opinion of the court:
Plaintiff Nationwide Mutual Insurance Company appeals a trial court order that barred it from rejecting an arbitration award on the sole ground that it failed to produce its insured at arbitration. We believe the order barring plaintiff from rejecting the award was an abuse of discretion. We reverse and remand for further proceedings.
Plaintiff filed a subrogation action against defendant Dorota Kogut for damages arising out of a car accident involving defendant and plaintiff's insured, Irene Mika. The case was assigned to mandatory arbitration. The hearing was not transcribed, but the record reveals that counsel for both parties, an agent for plaintiff, an interpreter for Mika (who does not speak English) and defendant attended. Mika did not attend the hearing. The record reveals that plaintiff presented testimony from its agent and defendant as an adverse witness. Plaintiff also submitted evidence of damages through a Rule 90(c) package (Official Reports Advance Sheet No. 26 (December 24, 2003), R. 90(c), eff. January 1, 2004).
An award was entered for defendant. Plaintiff filed a timely notice of rejection of the award. Defendant moved to bar plaintiff's rejection under Supreme Court Rule 91(b) (145 Ill.2d R. 91(b)), arguing plaintiff failed to participate in the arbitration in good faith and in a meaningful manner because plaintiff did not produce Mika at the hearing. Plaintiff responded that it made reasonable but unsuccessful attempts to produce Mika. Plaintiff's attorney said in an affidavit that he asked Mika's insurance agent, Isabel Karem, to contact Mika and confirm the arbitration date. Karem had acted as an interpreter for Mika in the past. Plaintiff's attorney *1129 and Karem made a conference call to Mika and spoke with Mika's husband and son. Mika's son told plaintiff's attorney that Mika would attend the arbitration. Plaintiff's attorney also said he paid a Polish interpreter $140 to attend the hearing. Defendant did not respond to plaintiff's affidavit.
The trial court granted defendant's motion to bar rejection and entered judgment on the award for defendant. Plaintiff appeals, arguing: (1) the trial court's finding that plaintiff failed to participate in the arbitration in good faith and in a meaningful manner solely on the ground that plaintiff did not produce Mika at the hearing was an abuse of discretion; and (2) the trial court erred by failing to include in its written order the grounds for barring rejection of the award as required under Supreme Court Rule 219(c) (166 Ill.2d R. 219(c)).
We consider plaintiff's arguments out of sequence and begin our analysis by addressing the contention that the trial court committed reversible error by failing to put in writing the ground for its finding that plaintiff failed to participate in good faith and in a meaningful manner.
Rule 219(c) provides a range of sanctions a court may impose where a party fails to comply with discovery. 166 Ill.2d R. 219(c). The last paragraph of Rule 219(c) directs that where a sanction is imposed under the rule, the court "shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 166 Ill.2d R. 219(c). Rule 219(c) is made applicable to mandatory arbitration proceedings through Rule 91(b), which authorizes a court to "order sanctions as provided in Rule 219(c)" where a party fails to participate in the arbitration hearing in good faith and in a meaningful manner. 145 Ill.2d R. 91(b).
Rule 91(b) does not limit the applicability of Rule 219(c) to the list of sanctions contained therein. Rather, it directs the trial court to "order sanctions as provided in Rule 219(c)." (Emphasis added.) 145 Ill.2d R. 91(b). By using the language "as provided in" we believe the drafters of Rule 91(b) intended to incorporate the procedure to be followed when imposing Rule 219(c) sanctions, including the directive to the trial court that it set forth with specificity the grounds for its decision.
This reading of Rule 91(b) is consistent with our treatment of sanction orders in other contexts, including proceedings for contempt and for sanctions under Rules 137 (155 Ill.2d R. 137) and 219(c). See Twardowski v. Holiday Hospitality Franchising, Inc., 321 Ill.App.3d 509, 514, 254 Ill.Dec. 776, 748 N.E.2d 222 (2001) (contempt order must state the specific acts on which it is based); Selvy v. Beigel, 309 Ill.App.3d 768, 777, 243 Ill.Dec. 399, 723 N.E.2d 702 (1999) (trial court must state grounds for imposing Rule 137 sanctions); Chabowski v. Vacation Village Ass'n, 291 Ill.App.3d 525, 528, 228 Ill.Dec. 806, 690 N.E.2d 115 (1997) (trial court is required to give specific reasons for imposing Rule 219(c) discovery violation sanctions). Sanctions, in whatever context, are not available on the wave of a wand. If we are to maintain the deference granted the trial court under an abuse of discretion standard of review, and to ensure the integrity of the standard, we must continue to urge the trial courts to draft sanction orders that are specific enough to allow us to defer to the discretion of the trial court with confidence. See North Shore Sign Co., Inc. v. Signature Design Group, Inc., 237 Ill.App.3d 782, 790-91, 178 Ill.Dec. 634, 604 N.E.2d 1157 (1992) (the considerable deference given a trial court's decision whether to impose sanctions is predicated on the necessary requirement that the trial *1130 court make explicit factual findings on which a court of review may make an informed decision).
While we find that courts must put in writing the grounds for issuing Rule 91(b) sanctions, we do not agree that the trial court's failure in this case to put in writing the grounds for barring plaintiff's rejection of the arbitration award, standing alone, requires reversal. See Chabowski, 291 Ill.App.3d at 528, 228 Ill.Dec. 806, 690 N.E.2d 115 (a court's failure to set forth the grounds for sanctions under Rule 219(c) is not per se reversible error). In this case we are able to surmise from the record the basis for the court's decision: the failure to produce the insured. Although defendant argued plaintiff should be barred from rejecting the arbitration award on more than one ground, the trial court granted defendant's motion under Rule 91(b). The only ground for defendant's Rule 91(b) argument was that plaintiff failed to produce its insured at the arbitration hearing. Defendant did not attack the degree of plaintiff's participation on any other ground. Nor do the parties contend on appeal that the court's finding was grounded on a reason other than plaintiff's failure to produce its insured.
So we address plaintiff's primary contention on appeal  that the trial court abused its discretion by barring plaintiff from rejecting the arbitration award on the sole ground that it failed to produce its insured at arbitration. Plaintiff argues it participated in good faith and in a meaningful manner because it appeared at the hearing, submitted a Rule 90(c) package and presented testimony from its agent and defendant as an adverse witness. Defendant argues plaintiff failed to subject the case to the type of adversarial testing that would be expected at trial because it did not produce Mika as a witness.
A trial court's decision barring a party from rejecting an arbitration award is subject to an abuse of discretion standard of review. Ruback v. Doss, 347 Ill.App.3d 808, 811, 283 Ill.Dec. 178, 807 N.E.2d 1019 (2004). An abuse of discretion occurs where the trial court's decision is arbitrary or exceeds the bounds of reason. Ruback, 347 Ill.App.3d at 811-12, 283 Ill.Dec. 178, 807 N.E.2d 1019.
A party participates in good faith and in a meaningful manner under Rule 91(b) by subjecting the case to the type of adversarial testing that would be expected at trial. Ruback, 347 Ill.App.3d at 811, 283 Ill.Dec. 178, 807 N.E.2d 1019. The standard to be applied when deciding whether to bar a party from rejecting an arbitration award is whether its conduct amounted to a deliberate and pronounced disregard for the rules and the court. Ruback, 347 Ill.App.3d at 811, 283 Ill.Dec. 178, 807 N.E.2d 1019.
We have also found authority for barring a party from rejecting an award where there is no evidence of a deliberate and pronounced disregard for the rules and the court. There is a line of cases which holds that a party fails to participate in good faith and in a meaningful manner where the party's preparation for the arbitration is "inept." See Ruback, 347 Ill.App.3d at 811, 283 Ill.Dec. 178, 807 N.E.2d 1019; Givens v. Renteria, 347 Ill.App.3d 934, 942, 283 Ill.Dec. 721, 808 N.E.2d 1009 (2003); Anderson v. Mercy, 338 Ill.App.3d 685, 689, 273 Ill.Dec. 174, 788 N.E.2d 765 (2003); State Farm Mutual Insurance Co. v. Nasser, 337 Ill.App.3d 362, 367, 271 Ill.Dec. 740, 785 N.E.2d 934 (2003); State Farm Insurance Co. v. Harmon, 335 Ill.App.3d 687, 690, 269 Ill.Dec. 538, 781 N.E.2d 335 (2002); State Farm Insurance Co. v. Rodrigues, 324 Ill.App.3d 736, 741, 258 Ill.Dec. 377, 756 N.E.2d 359 (2001); Saldana v. Newmann, 318 Ill.App.3d 1096, *1131 1100, 252 Ill.Dec. 795, 743 N.E.2d 663 (2001); Schmidt v. Joseph, 315 Ill.App.3d 77, 83, 248 Ill.Dec. 19, 733 N.E.2d 694 (2000). This line of cases can be traced to Employer's Consortium, Inc. v. Aaron, 298 Ill.App.3d 187, 232 Ill.Dec. 351, 698 N.E.2d 189 (1998), where the court said:
"A trial court need not find intentional obstruction of the arbitration proceeding. The purposes of Rule 91(b) are defeated whether a party's conduct is the result of inept preparation or intentional disregard for the process." (Emphasis added.) Employer's, 298 Ill.App.3d at 191, 232 Ill.Dec. 351, 698 N.E.2d 189.
We find that the "inept preparation" language appears to have crept into the cases recently (1998) out of a characterization in a brief rather than a published opinion, and has no basis in Illinois law.
In support of its holding that "inept preparation" constitutes lack of good faith and meaningful participation under Rule 91(b), the Employer's court cited Martinez v. Gaimari, 271 Ill.App.3d 879, 883, 208 Ill.Dec. 262, 649 N.E.2d 94 (1995). But Martinez did not hold, nor can it be construed as holding, that inept preparation constitutes a failure to participate in good faith and in a meaningful manner.
At issue in Martinez was whether a defendant's failure to present rebuttal evidence amounted to a lack of good faith and meaningful participation. Martinez, 271 Ill.App.3d at 883-84, 208 Ill.Dec. 262, 649 N.E.2d 94. The court held that although the defendant cross-examined the plaintiff and made legal arguments at the arbitration hearing, the defendant did not subject the case to the type of adversarial testing expected at trial because she did not present a case in chief. Martinez, 271 Ill.App.3d at 883-84, 208 Ill.Dec. 262, 649 N.E.2d 94. The phrase "inept preparation" does not appear in Martinez.
Nor can we find support for the "inept preparation" standard in Rule 91(b). Rule 91(b) was adopted in 1993 in response to complaints by arbitrators that parties were attending the arbitration hearings but refusing to participate. 145 Ill.2d R. 91(b), Committee Comments, at 1xix. The drafters sought to eliminate the perception of arbitration "as just another hurdle to be crossed in getting the case to trial." 145 Ill.2d R. 91(b), Committee Comments, at 1xx. The express purpose of Rule 91(b) was to "prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process." State Farm Insurance Co. v. Kazakova, 299 Ill.App.3d 1028, 1033, 234 Ill.Dec. 88, 702 N.E.2d 254 (1998), citing 145 Ill.2d R. 91(b), Committee Comments, at 1xx. The drafters' concern was with parties intentional disregard for the arbitration process. See Crouch v. First National Bank of Chicago, 156 Ill. 342, 357, 40 N.E. 974 (1895) (defining "good faith" as involving an element of intent); McConnel v. Street, 17 Ill. 253, 254 (1855) (defining "good faith" as the opposite of bad faith or fraud). While under certain circumstances the failure to properly prepare for arbitration may signal gross indifference and can be interpreted as an intentional disregard for the arbitration process, this cannot be true in all cases that may be characterized as inept. Among the several meanings of "inept," the one most appropriate in the legal context is "lacking in skill or aptitude for a particular role or task." Webster's Third New International Dictionary 1156 (1993). A showing of some preparation for the hearing  while perhaps inept  is not normally relevant to an analysis that requires intent. Whether a party's preparation was so deficient as to amount to an intentional disregard for the arbitration process must be decided on a case-by-case basis. See Johnson v. United Airlines, *1132 203 Ill.2d 121, 135, 271 Ill.Dec. 258, 784 N.E.2d 812 (2003) (good-faith determination is a matter left to the discretion of the trial court based on the totality of the circumstances).
Defendant argues because liability was contested, plaintiff could not have subjected its case to the type of adversarial testing expected at trial without calling its insured as a witness. Defendant cites Hinkle v. Womack, 303 Ill.App.3d 105, 236 Ill.Dec. 578, 707 N.E.2d 705 (1999). But liability was not at issue in Hinkle. Hinkle, 303 Ill.App.3d at 108, 236 Ill.Dec. 578, 707 N.E.2d 705 (the defendants' counsel admitted liability on behalf of the defendants at the arbitration hearing). Hinkle is also factually distinguishable from this case. The court in Hinkle upheld a decision by the trial court barring the defendants from rejecting an arbitration award on the ground that the defendants did not appear at the arbitration hearing despite having been served with a Rule 237 notice (166 Ill.2d R. 237) and for failing to present evidence to rebut the plaintiff's case in chief. Hinkle, 303 Ill.App.3d at 112, 236 Ill.Dec. 578, 707 N.E.2d 705. The plaintiff here did not violate Rule 237 or fail to present evidence to support its case. Also, plaintiff's insured was not a party to the lawsuit.
Nor do we find State Farm Mutual Insurance Co. v. Koscelnik, 342 Ill.App.3d 808, 277 Ill.Dec. 333, 795 N.E.2d 1001 (2003), decided after the parties filed their briefs in this case, controlling under these facts. The plaintiff in Koscelnik filed a contested subrogation action for damages arising out of a car accident involving the defendant and the plaintiff's insured. Koscelnik, 342 Ill.App.3d at 809, 277 Ill.Dec. 333, 795 N.E.2d 1001. The case was assigned to mandatory arbitration and an award was entered for the defendant. Koscelnik, 342 Ill.App.3d at 809, 277 Ill.Dec. 333, 795 N.E.2d 1001. Neither the defendant nor the plaintiff's insured attended the arbitration hearing. Koscelnik, 342 Ill.App.3d at 809, 277 Ill.Dec. 333, 795 N.E.2d 1001. The plaintiff was later barred from rejecting the award on the ground that it failed to produce its insured or an eyewitness to the accident at the arbitration. Koscelnik, 342 Ill.App.3d at 810, 814, 277 Ill.Dec. 333, 795 N.E.2d 1001. We agreed that the plaintiff's participation fell below the standard set forth in Rule 91(b) and affirmed the trial court order. Koscelnik, 342 Ill.App.3d at 813, 277 Ill.Dec. 333, 795 N.E.2d 1001. Our reasoning was based in part on the fact that the plaintiff had no intention of producing its insured. Koscelnik, 342 Ill.App.3d at 812, 277 Ill.Dec. 333, 795 N.E.2d 1001. It is clear from the record in this case that plaintiff did intend to produce its insured at the arbitration. Also, unlike Koscelnik, plaintiff offered eyewitness testimony from defendant as an adverse witness.
There is nothing in the record before us that suggests plaintiff's failure to produce its insured amounted to an intentional disregard for the arbitration process. It is undisputed that plaintiff appeared at the arbitration personally, both through its agent and by counsel. Plaintiff presented testimony from its agent and defendant as an adverse witness. It also presented evidence of damages through a Rule 90(c) package. It is uncontested that plaintiff attempted to produce its insured at the hearing. Plaintiff contacted Mika's family, who told plaintiff that Mika would attend the hearing. Plaintiff also hired a Polish interpreter to be present at the hearing. That Mika did not attend despite plaintiff's efforts to secure her as a witness is not sanctionable conduct. See Ruback, 347 Ill.App.3d at 815, 283 Ill.Dec. 178, 807 N.E.2d 1019 (a party's failure to ensure compliance with a subpoena and secure the attendance *1133 of an occurrence witness is not bad faith or sanctionable conduct).
We note that even if plaintiff's failure to produce its insured amounted to a failure to participate in good faith and in a meaningful manner, we would still reverse on the ground that the trial court's sanction was unreasonably harsh and unjustified. Among the sanctions available to it under Rule 219(c), the court could have stayed the arbitration proceedings until plaintiff was able to produce its insured. 166 Ill.2d R. 219(c)(i). The court also could have ordered attorney fees and costs associated with the hearing to defendant. 166 Ill.2d R. 219(c)(vii). Dismissing an action against a plaintiff or entering judgment against a defendant "is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation." Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp., 307 Ill.App.3d 48, 51, 240 Ill.Dec. 215, 716 N.E.2d 809 (1999). These sanctions should be imposed only "where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority." Easter Seal, 307 Ill.App.3d at 51, 240 Ill.Dec. 215, 716 N.E.2d 809. There is no indication in this case that plaintiff's conduct amounted to a deliberate, contumacious or unwarranted disregard for the court's authority or the arbitration process. The trial court's order barring plaintiff from rejecting the arbitration award and entering judgment on the award in favor of defendant was an abuse of discretion. We are aware that the trial court is charged with maintaining the integrity of the arbitration mechanism and ensuring that the spirit, as well as the letter, of the law is followed. But this is not a case, on the record as a whole, where the arbitration mechanism was flouted.
The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GORDON and O'MALLEY, JJ., concur.